ANNETTE HOLLANT, Plaintiff, v. NORTH SHORE HOSPITAL INC., et al., Defendants. NORTH SHORE HOSPITAL INC., Third-Party Plaintiff-Respondent v. JOHN D. MOUNTAIN, Third-Party Defendant-Appellant, and JOHN J. McCORMICK, Third-Party Defendant.— In an action to recover damages for personal injuries sustained during an operation performed upon plaintiff in the defendant hospital, the third-party defendant (Mountain), who was impleaded by said hospital on its third-party complaint against him, appeals from an order of the Supreme Court, Nassau County, dated August 8, 1960, which denied his motion (see 24 Misc 2d 892) to dismiss such third-party complaint for patent insufficiency (Rules Civ. Prac., rule 106, subd. 4; Civ. Prac. Act, § 193-a). Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Kleinfeld and Rabin, JJ., concur; Ughetta and Hill, JJ., dissent, and vote to reverse the order and to grant the motion to dismiss the third-party complaint, with the following memorandum: The complaint asserts one cause of action against the defendant hospital and another against its resident physician (the defendant Mishrick who, during the course of an operation performed upon plaintiff in said hospital, is claimed to have severed two of her laryngeal nerves. The first cause of action, alleging negligence by the hospital, is based upon: (1) its failure to select a qualified physician (i.e., Mishrick) to perform the operation; (2) its failure properly to supervise him during the operation; and (3) under the doctrine of *respondeat superior* (*Bing* v. *Thunig,* 2 N Y 2d 656), its unskillful conduct in the performance of said operation, through the agency of its said resident physician. In addition to an answer, which includes a cross claim against the resident physician (Civ. Prac. Act, § 264; *Oceanic Steam Nav. Co.* v. *Compania Trans. Espanola,* 134 N. Y. 461, 467), the defendant hospital, pursuant to statute (Civ. Prac. Act, § 193-a), also served a third-party complaint upon the anesthesiologist (the third-party defendant McCormick) and upon an attending surgeon (the third-party defendant Mountain), both of whom were on its staff and were allegedly present at the operation. The Justice at Special Term assumed (as do the parties) that Dr. Mountain was an independent physician, not an employee or agent of the hospital. It is the legal sufficiency of the third-party complaint as against Dr. Mountain which is questioned on this appeal. That pleading

alleges generally that the operation was performed under Dr. Mountain's supervision and direction; that it was performed by him and by Dr. Mishrick; that Dr. McCormick administered the anesthesia; that, if plaintiff was injured as alleged in her complaint, such injury was due to the primary and active negligence of the said resident physician, attending surgeon and anesthesiologist; and that the hospital's negligence, if any, was "at best, of a passive and secondary nature." In his opinion (24 Misc 2d 892), the Justice at Special Term considered the possibility of a sharp conflict between the duty of care which Dr. Mishrick owed to the plaintiff and his duty to obey possibly negligent orders issued by Dr. Mountain during the course of the operation. The Justice perceived an issue of fact is to whether, under the circumstances, Dr. Mishrick remained within the scope of his general employment by the hospital, or whether the hospital had so far surrendered the power to command him that he became Dr. Mountain's special employee (*Wawrzonek* v. *Central Hudson Gas & Elec. Corp.*, 276 N. Y. 412, 419). The Justice theorized that, in the light of the presumption of the continuance of general employment, liability might be imposed upon the hospital for the acts of its resident physician (*Bartolomeo* v. *Bennet Contr. Co.*, 245 N. Y. 66), particularly where it appears that the work which primarily benefited the special employer was substantially though indirectly beneficial to the general employer (*Delisa* v. *Arthur F. Schmidt Inc.*, 285 N. Y. 314; *Stone* v. *Bigley Bros.*, 309 N. Y. 132, 140). Finally, the Justice concluded that conceivably the factual issue of surrender might be resolved against the hospital and that it might be cast in damages, notwithstanding the fact that its employee, the resident physician, pursuant to hospital policy, had followed the orders of the attending surgeon. In our opinion, such possibilities, i.e., that the hospital either had surrendered control of the resident physician or that, during the course of the operation, he had acted reasonably, particularly with respect to obedience to the orders of the attending surgeon, tend to preclude liability to the plaintiff on the part of the hospital. Such possibilities, therefore, are insufficient to support a claim over for implied indemnity (*Coffey* v. *Flower City Carting & Excavating Co.*, 2 A D 2d 191, affd. 2 N Y 2d 898). Moreover, it is not questioned that the allegations made in the first cause of action pleaded in the complaint, which charge acts of negligence other than those attributed to the resident physician, sound in active negligence. The only other possibility of liability on the part of the hospital could arise under the doctrine of *respondeat superior*, i.e., that, through the active negligence of its resident physician, during the operation, it acted unreasonably toward the plaintiff. On that theory of imputed liability, the hospital would not be cast in damages as a passive tort-feasor merely, i.e., solely by reason of its violation of a nondelegable duty which it owed to the plaintiff but which another person (Dr. Mountain) had privately assumed to perform (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447; cf. *Oceanic Steam Nav. Co.* v. *Compania Trans. Espanola, supra*; *Phoenix Bridge Co.* v. *Creem*, 102 App. Div. 354, affd. 185 N. Y. 580; *Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686; *Wischnie* v. *Dorsch*, 296 N. Y. 257). Its liability would arise from its *active* (albeit imputed) negligence. A liability thus arising would bar any claim by it for implied indemnity against third persons (*Putvin* v. *Buffalo Elec. Co., supra*), since, with respect to third persons, the hospital, under the doctrine of *respondeat superior*, stands in the shoes of its employee (the resident physician). Hence, the hospital may not claim over for implied indemnity against Dr. Mountain. Between joint tort-feasors *in pari delicto* the obligation of indemnity may not be implied (see, e.g., *Bush Term. Bldgs. Co.* v. *Luckenbach S.S. Co.*, 9 N Y 2d 426; *Fox* v. *Western N. Y. Motor Lines*, 257 N. Y. 305; *Sands* v. *Klein*, 8 A D 2d 836; cf. *Petzold* v. *Avis Rent-a-Car System*, 12 A D 2d 118, affd. 9 N Y 2d 989).