■ ALFRED WITZ, Respondent, v. CADILLAC HOTEL, INC., et al., Appellants. — Judgment and orders affirmed, with costs. Memorandum: The court is unanimous in its opinion that the judgment in favor of plaintiff against both defendants be affirmed. We also unanimously agree that the order of Special Term which denied defendant Elevator Company's motion to dismiss the cross claim should be affirmed. We who vote to affirm the judgment in favor of Cadillac Hotel on its cross claim, do so on the following grounds. Defendant, Elevator Company contracted with defendant Cadillac Hotel (owner) to maintain, inspect and repair the owner's street elevator. The Elevator Company thereby assumed a duty of performance of an act which was dependent upon its personal care and attention. The owner was entitled to rely upon defendant Elevator Company to discharge such duty because of their contractual relations. Plaintiff's injury occurred 10 days after an inspection by reason of the lack of care and attention of the Elevator Company in failing to discover and remedy a defect in the elevator of which the owner had no actual notice or knowledge. Plaintiff has recovered judgment against both defendants for the damages arising from such negligence. The Elevator Company is liable to the owner if it is called upon to pay such damages. The judgment in favor of the owner on its cross claim should therefore be affirmed. (*Tripaldi* v. *Riverside Mem. Chapel,* 273 App. Div. 414, 419, affd. 298 N. Y. 686; *Burke* v. *City of New York,* 2 N Y 2d 90; *Jackson* v. *Associated Dry Goods Corp.,* 13 N Y 2d 112; *Putvin* v. *Buffalo Elec. Co.,* 5 N Y 2d 447, 456; *Tocco* v. *Cafe Nino,* 23 A D 2d 694; 1 NYPJI, p. 458.) All concur except Williams, P. J., and Bastow, J., who concur in part but dissent as to the judgment over by defendant Cadillac Hotel against Wm. F. Weeks Elevator Co., Inc., in the following Memorandum: We dissent from that part of the judgment that permits Cadillac Hotel, Inc., to recover over against Wm. F. Weeks Elevator Co., Inc. The plaintiff's complaint and bill of particulars alleged affirmative acts of negligence on the part of both defendants. The proof established, and the jury found, that both were actively negligent. Cadillac, as owner of the elevator, owed a duty of reasonable inspection which was nondelegable. In addition, Cadillac had the duty of constructing and installing the elevator properly in the first instance. Both of these duties (inspection and proper installation) were explained in the charge to the jury without exception. The record and this latter charge, which was unchallenged, at least raise the inference that Cadillac originally installed the elevator. This is particularly so inasmuch as Cadillac had offered no contrary proof on this very important matter. In any event, it is clear that Weeks did not make the installation and that Cadillac must bear legal responsibility for the manner in which it was done. We do not disagree with the finding of active negligence against either Cadillac or Weeks. It is obvious that the connecting bolt had not sufficient strength and durability to support the loads which it was required to bear and which could reasonably be anticipated at the time of installation. Therefore, the fault was in the installation of this inadequate connecting bolt and in its continued use thereafter, which caused deterioration and fatigue. The agreement between Cadillac and Weeks was in the form of a simple letter in which Weeks offered inspection service and to furnish all lubricants as well as to make minor adjustments. Cadillac accepted the offer, and the status of the two parties was thus created. After the acceptance, each party owed the duty of reasonable inspection and ascertainment of defects. By the terms of the agreement, Weeks was required to correct any minor defects (like the one which caused the instant injury), once discovered. Cadillac owed

the additional duty of not operating an elevator which was inadequate at the time of installation. Both parties, therefore, were actively negligent. This being so, there can be no recovery over under the very well-established doctrine against indemnification between parties *in pari delicto*. We might point out also that in the service contract of Weeks there was no agreement that may be construed to indemnify Cadillac against its own negligence. If there were to be such an obligation, the intention would have to be expressed in unequivocal terms. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41.) Cases such as *Jackson* v. *Associated Dry Goods Corp.* (13 N Y 2d 112) and *Scott* v. *Curtis* (195 N. Y. 424) have no application. In the *Jackson* case, the injury was caused by the affirmative act of Posillico Construction, Inc., in leaving stone, gravel and rocks on a parking lot operated by Associated Dry Goods Corp. In *Scott*, the injuries were caused by the affirmative act of the defendant Curtis when it left a coal chute open and in a dangerous condition after a coal delivery. Here there was no affirmative act of Weeks which created the condition and calls for the application of the *Jackson* and *Scott* rules. (Appeals from judgment of Monroe Trial Term for plaintiff in a negligence action; also appeal by defendant Wm. F. Weeks Elevator Co., Inc., from order of Monroe Special Term denying motion to dismiss cross claim in answer of defendant Cadillac Hotel.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.