PERRY COX, as Executor of MARY WILLIAMS, Deceased, Plaintiff, v JOHN V. CORDICE, JR., et al., Defendants, and HILLCREST GENERAL HOSPITAL, Defendant and Third-Party Plaintiff-Appellant. BENJAMIN GORDON, Third-Party Defendant; LEONARD B. STARR et al., Third-Party Defendants-Respondents.

First Department, December 14, 1982

APPEARANCES OF COUNSEL

*Beth J. Goldmacher* of counsel (*David H. Sculnick* with her on the brief; *Norman Bard, P. C.*, attorney), for Hillcrest General Hospital, defendant and third-party plaintiff-appellant.

*Howard R. Cohen* of counsel (*Julian S. Greenspun* with him on the brief; *Bower & Gardner*, attorneys), for Leonard B. Starr, respondent.

MURPHY, P. J.

Plaintiff's decedent, Mary Williams, underwent a bilateral, radical mastectomy on June 13, 1973. The operation was performed by defendant Cordice in defendant Hillcrest General Hospital (Hospital). The operation was, as the jury found, actually unnecessary. Defendant Gordon, a pathologist, had negligently misread the decedent's tissue sample; he found a malignancy where none existed. At the time, Gordon was acting as a substitute for the Hospital's regular pathologist, defendant Starr.

After trial, the jury found in plaintiff's favor against the Hospital and Dr. Cordice. The jury apportioned liability 60% as against the Hospital and 40% as against Dr. Cordice. It also found that the liability of the Hospital was predicated on the fault of Dr. Gordon rather than upon any negligence on the part of Dr. Starr. Consequently, the trial court dismissed the Hospital's third-party action against defendant Starr. Implicitly, the trial court also dismissed the third-party action against defendant Leonard B. Starr, M.D., P.C. (Corporation).

The sole question presented upon appeal is whether the Hospital is entitled to recover on its third-party action against Starr and his Corporation. On March 10, 1973, the Hospital, Starr and his Corporation entered into an agreement. To the extent here relevant, that agreement provides:

"The corporation agrees that all services to be rendered by it pursuant to this Agreement shall be performed only by an employee of the Corporation licensed to practice medicine in the State of New York, holding staff privileges at the Hospital as a qualified pathologist, and specifically acceptable to the Hospital to carry out the Corporation's obligations hereunder. Leonard B. Starr, M.D. is presently the only employee of the Corporation who meets the aforementioned qualifications and the Corporation represents that Dr. Starr will be made available for the responsibilities involved in this Agreement. No other employee of the Corporation shall be permitted to render the services required to be performed by the Corporation hereunder un-

less such employee is specifically authorized to do so in writing, in advance by the Hospital.

"WITNESSETH, THAT IT IS AGREED:

"1. Dr. Starr shall assume the duties of Director of Pathology Service in the Hospital. As such Director, Dr. Starr shall be responsible for the supervision of the Department of Pathology and Clinical Laboratory Service and shall furnish his own services as a full-time professional pathologist at the Hospital; provided, however, Dr. Starr shall arrange for a substitute professional pathologist while he is absent on account of vacation, sick leave or attendance at medical meetings, as provided for elsewhere in this Agreement. Any such substitute professional pathologist shall be subject to the prior written consent of the Hospital. The Corporation shall be responsible for the conduct of the Pathology services in accordance with generally accepted professional practice standards. Dr. Starr will be a member of the Active Medical Staff of the Hospital * * *

"5. The Corporation represents and warrants that it carries and agrees to continue in full force during the term of this Agreement the following insurance coverage:

Malpractice　　　　　　$1,000,000 * * *

"6. Dr. Starr hereby expressly guarantees the full and complete performance of the obligations hereunder by the Corporation".

This contract between the parties did not contain any express covenant of indemnity. Nonetheless, even in the absence of an express covenant of indemnity, a primary or principal wrongdoer is responsible for his negligent act not only to the person injured, but to one indirectly harmed by being cast in damages by operation of law for the wrongful act. (*Tipaldi v Riverside Mem. Chapel,* 273 App Div 414, 418, affd 298 NY 686; *Burke v City of New York,* 2 NY2d 90, 94; 28 NY Jur, Indemnity, § 10.) Thus, one party to a contract may be held as the indemnitor of the other if that other party is cast in damages as a result of the first party's dereliction of duty. (*Witz v Cadillac Hotel,* 26 AD2d 763, affd 19 NY2d 824.)

In this proceeding, the Corporation agreed to "be responsible for the conduct of the Pathology services". It was the Corporation that had the duty to provide the substitute pathologist when Starr was to be absent from his normal duties. Although the Hospital had the right to authorize in advance any substitute pathologist, the ultimate responsibility for the conduct of that substitute rested upon the Corporation and Starr, under his guarantee. While the Hospital might have suggested the use of Dr. Gordon rather than that of Dr. Weiner, the Corporation became responsible for Dr. Gordon's activities once it accepted him as Starr's substitute.

With regard to the third-party claim, it was not significant whether Gordon was an independent contractor or the Corporation's employee. The Corporation, vis-à-vis the Hospital, had the affirmative duty of insuring the accuracy and reliability of Gordon's diagnosis. Under the contract, it must indemnify the Hospital for Gordon's misdiagnosis. Likewise, Starr is responsible as an indemnitor under his contractual guarantee.

Accordingly, the judgment of the Supreme Court, New York County (EVANS, J.), entered June 17, 1981, dismissing the Hospital's third-party action against Starr and implicitly dismissing it as against his Corporation, should be modified, on the law and the facts, by reinstating the Hospital's third-party claim and granting it judgment over against the Corporation and Starr, and, as modified, affirmed with costs.

The order of the Supreme Court, New York County (EVANS, J.), entered on May 27, 1981, which, *inter alia,* denied a motion to set aside the verdict, should be affirmed, without costs and without disbursements.

KUPFERMAN, SULLIVAN, ROSS and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on May 27, 1981, unanimously affirmed, without costs and without disbursements; and judgment of said court, entered on June 17, 1981, unanimously modified, on the law and the facts, by reinstating the Hospital's third-party claim and granting it judgment over against the Corpora-

tion and Starr, and as modified, affirmed. Appellant shall recover of respondents one bill of $75 costs and disbursements of this appeal.