OPINION OF THE COURT
Nicholas A. Clemente, J.
By summons and verified complaint dated July 18, 1977, Josephine and Lonniell Robinson commenced an action against the Jewish Hospital and Medical Center of Brooklyn and Dr. Reddy seeking damages for injuries sustained during the labor and delivery of the Robinsons’ child. Both defendants joined issue by the end of 1977 and after various discovery proceedings, the Robinsons placed the action on the Trial Calendar on October 29, 1982.
Thereafter, on November 22, 1983, Jewish Hospital and Dr. Reddy commenced a third-party action against Anesthesiology Service. The third-party complaint alleges that Dr. Bravo was an employee of Anesthesiology Service; that it is Dr. Bravo that administered anesthesia to Josephine Robinson on the subject day and that if Robinson was, in fact, injured such injuries were caused in part or in their entirety by Anesthesiology Service. The third-party complaint goes on to claim that if Robinson is entitled to recovery from Jewish Hospital and Dr. Reddy, then they should have judgment over and against Anesthesiology Service based on its want of care which contributed to the occurrence complained of by Robinson. In a second cause of action the third-party complaint alleges that if Robinson is entitled to recover from the Jewish Hospital and Dr. Reddy, then Anesthesiology Service is liable to "indemnify” them. By amended summons and verified complaint dated January 19, 1984, Jewish Hospital and Dr. Reddy added Drs. Chiron and Bergman as additional third-party defendants with Anesthesiology Service.
In a further attempt to spread any resulting damage award, Jewish Hospital and Dr. Reddy served a second third-party summons and complaint dated June 29, 1984. The apparent purpose of this second third-party pleading was to bring Dr. Adel William Aziz into the action. The allegations made against him are that Dr. Aziz was a partner, independent contractor and/or employee of the Obstetrical Anesthesia Service; that he was chief of the Obstetrical Anesthesia Service; that Dr. Bravo provided anesthesiology services to certain patients on the Obstetrical Anesthesia Service at Jewish Hospital under the direction, control and supervision of Dr. *882 Aziz; that Dr. Bravo is an employee of Anesthesiology Service; that if Robinson was injured as she claims, such injuries were caused, in whole, or in part by the negligence of Dr. Aziz and that if Robinson is entitled to recover against Jewish Hospital and Dr. Reddy, they should have judgment over and against Dr. Aziz based on his want of care which contributed to Robinson’s injuries. As a second cause of action, the second third-party complaint claims that if Robinson recovers from Jewish Hospital and Dr. Reddy, then Dr. Aziz is liable to indemnify them.
Dr. Aziz joined issue and then brought on an order to show cause dated September 6, 1984, inter alia, seeking summary judgment. A month later, however, on October 10, 1984, plaintiffs’ action was settled and Dr. Aziz agreed to withdraw his order to show cause without prejudice to its renewal. The stipulation of settlement made in open court before Justice Adler provided that while plaintiffs’ action is settled the third-party action could continue.
Certain moneys were paid to plaintiffs, who are no longer involved in this action and other amounts are being held in "escrow” pending the outcome of this litigation.
Prior to the settlement, Dr. Aziz had also sought certain disclosure by way of motion which had resulted in an order dated June 5, 1985 (Kramer, J.), directing certain documents to be furnished by Jewish Hospital or if it could not so comply, then to instead furnish an affidavit. There was an additional proviso that Dr. Aziz could renew his motion for summary judgment before Judge Kramer if there was no compliance with the order.
The matter is now before the court on the motion of Dr. Aziz seeking an order pursuant to CPLR 3211 (a) (7) dismissing the third-party complaint against him, granting him summary judgment pursuant to CPLR 3212 against Jewish Hospital and Dr. Reddy and dismissing the second third-party complaint for noncompliance with his discovery demand and the June 5, 1985 order of Judge Kramer.
Dr. Aziz posits that Jewish Hospital and Reddy are claiming that it is Aziz and not the hospital that is vicariously liable for Dr. Bravo’s acts under the doctrine of respondeat superior and, therefore, if the hospital is held accountable for Bravo’s acts, it is entitled to full indemnity from Dr. Aziz.
The factual aspects of this action and certain legal consequences are now governed by the stipulation of settlement *883 made on October 10, 1984. Its applicable portions state that any rights that the parties have under General Obligations Law § 15-108 are waived; that had plaintiffs action been tried, there would have been findings that Dr. Bravo was negligent and that such negligence was the proximate cause of plaintiffs injuries. It was further stipulated that the liability of the hospital, had there been any, would only have been vicarious and that the third-party action brought by the hospital is also on the issue of whether Dr. Aziz is vicariously liable.
Simply put, the parties are agreed that Dr. Bravo was negligent but disagree as to who employed her and the relative legal effect of such employment.
As I perceive Dr. Aziz’s position on this motion, he maintains that the hospital cannot prevail no matter what happens at a trial. Since the hospital, if liable, is agreed to be only vicariously liable to plaintiffs (and it should be noted that plaintiffs sued the hospital and not Dr. Aziz) the hospital cannot now turn around and seek to hold Dr. Aziz in because the law does not recognize double or sequential vicarious liability. On the other hand, if the hospital is found not vicariously liable, then there would be no basis for recovery from Dr. Aziz since the hospital would have prevailed in the main action. Dr. Aziz maintains further that since plaintiffs did not sue him, then even if he is found to be Dr. Bravo’s employer, neither the plaintiffs nor the third-party plaintiffs, hospital and Dr. Reddy, would have a right of recovery against him.
Dr. Aziz also argues that the hospital’s and Dr. Reddy’s claim can be premised only on indemnity based upon his alleged vicarious liability for Dr. Bravo. This is so because a claim for contribution would not lie against Dr. Aziz for Dr. Bravo’s activities as it must be conceded that Dr. Aziz who was not present at the time of plaintiffs treatment was at most a passive tort-feasor. Finally, Dr. Aziz contends that under the facts of this case, Dr. Bravo must be deemed not his employee, but rather an employee of the hospital.
In opposition to the motion, the hospital and Dr. Reddy contend that Dr. Bravo was an employee of Dr. Aziz, and that even supposing Dr. Bravo was found to be an employee of the hospital vis-á-vis the plaintiffs, that does not preclude a finding that he was also an employee of Dr. Aziz. The result would be that both would be responsible for Dr. Bravo’s acts. Thus, the hospital and Dr. Reddy are pursuing claims against Dr. Aziz based upon contribution and indemnity.
*884 In my view, Dr. Aziz’s motion should be denied because there are issues of fact which preclude a grant of summary judgment in favor of either party.
While vicarious liability entails passive rather than active negligence, Dr. Aziz fails to perceive that while his negligence, if any, is passive it has been stipulated that the hospital’s negligence, if any, is also passive. It is, of course, true that the rule of apportionment laid down in Dole v Dow Chem. Co. (30 NY2d 143) would ordinarily have no application to situations of vicarious liability (Rogers v Dorchester Assocs., 32 NY2d 553, 566). In any event, the sole inquiry that is required in this action, based upon the settlement entered into before Justice Adler, is which of the vicariously liable parties, if there be two, bears the burden of responsibility.
It must, at the outset, be recognized that based upon the principles enumerated in Mduba v Benedictine Hosp. (52 AD2d 450), the hospital would appear to be Dr. Bravo’s employer. This conclusion, however, is applicable when the focus is on the plaintiff. It is not applicable here where the hospital points to circumstances making Dr. Bravo the employee of Dr. Aziz, so that there is a conflict between two potential employers as to the employee’s status. Such a conflict constitutes a patent question of fact which the court cannot resolve without benefit of a trial (cf., Felice v St. Agnes Hosp., 65 AD2d 388).
Dr. Aziz maintains, however, that this qúestion of fact is ultimately not determinative of the action since even if Dr. Bravo were his employee, he is entitled to summary judgment because plaintiffs failed to name him as a defendant. I disagree with this analysis. To be so absolved from liability would mean that a plaintiff by suing would determine sole responsibility.
In Smith v Hooker Chem. & Plastics Corp. (83 AD2d 199, 202, lv dismissed 56 NY2d 503, 645), Justice Simons stated as to indemnity that "The claim for indemnity is not derivative in the sense that the third-party plaintiff sues the third-party defendant for damages sustained by the injured party as a result of the accident. Rather, the third-party plaintiff obtains indemnity for the damages he has been required to pay plaintiff, i.e., the liability he has sustained by reason of his satisfaction of plaintiff’s direct damages. In the indemnity claim, the third-party plaintiff shifts the ultimate burden of his own responsibility to the prime plaintiff to the third-party *885 defendant who owed him a duty to prevent the accident and— thus also to prevent the liability he incurred to the prime plaintiff (see Bush Term. Bldgs. Co. v Luckenbach S. S. Co., 11 AD2d 220, 223-224 [Breitel, J.], revd on other grounds 9 NY2d 426).” In cases seeking contribution rather than indemnity, the Court of Appeals has recognized a right of contribution in favor of a tort-feasor against a third party as to whom the plaintiff had no direct right of recovery due to a failure to join the third party as a defendant (Garrett v Holiday Inns, 58 NY2d 253, 259). Considering the Smith (supra) analysis I perceive no reason to apply a different rule to indemnity. Stated otherwise, if the hospital and Dr. Reddy are being sued based upon a theory of vicarious liability arising from negligence committed by Dr. Bravo, the fact that plaintiff did not name Dr. Aziz as a defendant should not prevent the hospital and Dr. Reddy from pointing to Dr. Aziz as the one who should be vicariously liable for Dr. Bravo’s activities (Cox v Cordice, 90 AD2d 297, affd 60 NY2d 723).
The hospital’s position, to put it in a more familiar perspective, is analogous to the owner of a vehicle who is sued for the negligence of a driver and then impleads the employer of the driver. In such a circumstance, both the owner’s and employer’s liability would be vicarious but, regardless of the responsibility to the plaintiff, the owner (hospital) might well prevail over the employer (Dr. Aziz).
Since this is exactly one of the approaches adopted by the hospital and Dr. Reddy, it follows that summary judgment is unwarranted since the court must first determine who employed Dr. Bravo. This question of fact cannot be resolved by the motion papers.
It must also be recognized that hospitals have had vicarious liability imposed upon them even where the physician whose malpractice caused the patient’s injury was not a hospital employee (Hill v St. Clare’s Hosp., 67 NY2d 72, 81). Thus, it is very much possible that the hospital and Dr. Reddy in plaintiffs’ action (to which Aziz was not a party) might have been required to compensate plaintiffs based upon vicarious liability although the real employer of Dr. Bravo might, after all the facts are available, ultimately turn out to be Dr. Aziz.
Recognition of these possibilities justifies denying summary judgment as to the claim for indemnity. What remains for consideration, however, is whether the hospital and Dr. Reddy can seek contribution when the concern is with issues of vicarious liability.
*886 There is, of course, no question that when the issue concerns vicarious liability, we are concerned with indemnification rather than contribution (County of Westchester v Becket Assocs., 102 AD2d 34, 47, affd 66 NY2d 642). Smith v Hooker Chem. & Plastics Corp. (supra) discussed the difference between the two concepts stating the following (at 200-201), "The differences between partial indemnity, also known as apportionment or contribution, and true indemnity, are familiar * * * Contribution or apportionment involves a determination of relative responsibility in which the respective fault of two or more defendants is determined by reviewing the contribution of each to the damage sustained. Once the tort-feasors’ relative responsibilities are determined, each pays his ratable portion of the total damages. By contrast, true or full indemnity does not involve apportioning the wrong, but rather a shifting of the entire burden by defendant to another. It rests upon the premise that one party has been compelled to pay money which, in justice, another ought to pay. In the case of true indemnity, the third-party plaintiff demands that the third-party defendant pay not just his share of plaintiffs damages but the whole outlay. Conceptually different, contribution is based upon negligence while indemnity arises because of an independent duty between tort-feasors based upon contract (see, generally, McDermott v City of New York, 50 NY2d 211, 217; Rock v Reed-Prentice Div. of Package Mach. Co., 39 NY2d 34, 38-40; Rogers v Dorchester Assoc., 32 NY2d 553; Ann., 53 ALR3d 184).”
In my view notwithstanding the dichotomy between indemnification and contribution, the fact that the hospital and Dr. Reddy are seeking indemnification based upon vicarious liability does not foreclose them from also seeking contribution based upon vicarious liability under the circumstances of this case. I reach this conclusion because it is conceivable that the hospital and Dr. Reddy may show at trial that Dr. Bravo was their employee, as well as Dr. Aziz’s employee (cf., Hollant v North Shore Hosp., 24 Misc 2d 892, affd 17 AD2d 974). If evidence of such joint employment status were presented, there would be a need to apportion the vicarious liability indemnity concept based upon contribution principles (cf., D’Ambrosio v City of New York, 55 NY2d 454). Considered otherwise, neither the hospital and Dr. Reddy nor Dr. Aziz would be entitled to full indemnity. It follows that since both parties have paid moneys to the plaintiffs and waived section 15-108 of the General Obligations Law, the question of contri *887 bution is still extant and makes viable the hospital and Dr. Reddy’s causes of action against Dr. Aziz for contribution as well as indemnity.
Finally, to be addressed is Dr. Aziz’s dismissal request for noncompliance with the order of Judge Kramer. I find that any noncompliance has not been willful and/or contumacious. I direct that the parties appear for a further preliminary conference on September 11, 1987 so that the court may determine what disclosure remains outstanding and make the appropriate directions for its provision.
Accordingly, the motion is denied in its entirety.