■ DONALD B. BAZAN, as Administrator of the Estate of PATRICIA A. BAZAN, Deceased, Respondent, v ALLEN R. BOHNE, as Fulton County Treasurer and Public Administrator of the Estate of THOMAS M. WAGER, Deceased, Respondent, and CITY OF JOHNSTOWN, Appellant. (And a Third-Party Action.)—Kane, J. P. Appeal from an order of the Supreme Court (White, J.), entered December 1, 1987 in Fulton County, which denied defendant City of Johnstown's motion for, *inter alia,* summary judgment dismissing the complaint against it.

Plaintiff seeks to recover damages for the conscious pain and suffering and wrongful death of his decedent due to an automobile accident that occurred in the Town of Mohawk, Montgomery County, when decedent, while driving her vehicle, was struck by a vehicle owned and operated by Thomas M. Wager. Wager also died as a result of the accident.[1] At the time of the accident, Wager was employed by the Department of Public Works in defendant City of Johnstown, Fulton County, as a working foreman.

After conducting pretrial discovery, the city moved for summary judgment dismissing the complaint and all cross claims against it on the ground that Wager was not acting within the scope of his employment at the time of the collision and, therefore, the city could not be found liable under the doctrine of respondeat superior. Supreme Court denied the motion and this appeal by the city ensued.

The facts as gleaned from the record before us are as follows. According to Wager's supervisor, on the day of the accident at sometime between 8:30 A.M. and 9:00 A.M., he requested that Wager go to the Village of Scotia, Schenectady County. The purpose was for Wager to pick up a part needed for a city-owned vacuum cleaner from a company called Sofco. Normally, Wager would have used a department vehicle; however, none were available so he was asked to use his own automobile. He was to be reimbursed for the mileage for both the trip to and back from Sofco.

---

1. Allen R. Bohne was named as defendant in this suit in his capacity as the administrator of Wager's estate. References, however, will continue to be only to Wager for the sake of convenience.

According to a Sofco employee, Wager arrived at Sofco between 11:30 A.M. and noon. He was told to return in a couple of hours as the part he needed was not yet in. Sometime between 3:00 P.M. and 3:30 P.M., Wager returned to Sofco and received the part. Meanwhile, Wager called his supervisor's office. A message taken by an employee, with the time recorded as 1:45 P.M., states that "put [Wager] down for 3 hrs Comp today" so he could go shopping. Wager's hours were generally 7:00 A.M. to noon and 1:00 P.M. to 4:00 P.M. The city permits employees to elect to be paid for overtime or instead take compensatory time off at the rate of 1½ hours for each hour of overtime worked.

Apparently, after having gone shopping, Wager picked up the part. On his return trip, he stopped at the Kozy Corner Bar[2] in the community of Tribes Hill, Montgomery County. According to the owner of the bar, Wager came in about 5:00 P.M., paid a personal debt, ordered a Coke and then made a phone call. After the call, he told the owner that his son was ill and that his wife was taking the child to the hospital. Wager then left. It is not clear whether he was going home or to the hospital, although his wife stated she thought he was going to the hospital. While en route from the bar, the accident occurred. It should also be noted that Wager's supervisor stated that Wager ran such errands once or twice a week and the bar owner stated that Wager was a patron and sometimes Wager stated when he came in that he was going to or coming from Schenectady for parts.

In our view, Supreme Court properly denied the motion for summary judgment. Whether an employee's acts are within the scope of employment is so dependent on the particular facts of a case that the question is ordinarily one for the jury (*Riviello v Waldron,* 47 NY2d 297, 303). The general rule is that an employee acts within the scope of his employment when he is acting in furtherance of the duties owed to the employer and where the employer is or could be exercising some control, directly or indirectly, over the employee's activities (*Lundberg v State of New York,* 25 NY2d 467, 470). There is also the question of whether the employee's activities were incident to the employer's business or wholly separate from it (*Makoske v Lombardy,* 47 AD2d 284, 288, *affd* 39 NY2d 773). Although normally an employee driving to and from work is not acting within the scope of employment, an exception

---

2. Kozy Korner is the third-party defendant in the third-party action commenced by the city.

exists for "an employee who uses his car in furtherance of his work * * * while driving home from his last business appointment" *(Lundberg v State of New York, supra,* at 471). Even if there has been a departure from the designated activity, consideration is to be given to the foreseeability of the occurrence arising from the deviation and employer responsibility in this area is broad "particularly where employee activity may be regarded as *incidental to the furtherance of the employer's interest" (Makoske v Lombardy, supra,* at 288 [emphasis in original]). It is only where the travel by the employee would still have occurred even though the business purpose was canceled that an employer is freed from liability *(see, Kelleher v State Mut. Life Assur. Co.,* 51 AD2d 872, 873, *lv denied* 39 NY2d 709; *Rappaport v International Playtex Corp.,* 43 AD2d 393, 396; *see also, Matter of Marks v Gray,* 251 NY 90, 93-94).

In this case, when Wager went to get the part, he was clearly acting in his employer's interest. While he did call and say he was taking time off, he then later went and picked up the part. There is at least a question of fact as to whether at that point he resumed working. Furthermore, although he did stop at the bar for purely personal reasons, there is again at least a question of fact as to whether he was on that route because he retrieved the part. The accident did not occur while Wager was returning home from his normal work site but while returning from getting a part from another area where he had traveled to at the direction of his employer. As Supreme Court noted: "a jury could find that Wager would not have been driving from Scotia to Johnstown and passing through the location where the accident occurred, except for the need to perform the errand for his employer." The court concluded that if that were true, Wager would have been acting in the scope of employment even if engaged in personal activities. We agree. The record before us does not clearly establish the inapplicability of the doctrine of respondeat superior and, given that this is a pretrial motion for summary judgment *(cf., Lundberg v State of New York, supra),* Supreme Court's decision was proper.

Order affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.