■ JOSEPH N. GOREA, JR., Appellant, v NANCY GLOVER, as Personal Representative of the Estate of EVAN M. GLOVER, Deceased, et al., Respondents. (Appeal No. 2.) [672 NYS2d 582] —Judgment affirmed without costs. Memorandum: Defendant Nancy Glover's decedent, Evan M. Glover (Glover), a New York State employee who was also a union steward, a council leader in the Buffalo area for defendant New York State Public Employees Federation (PEF) and a member of the Labor/Management Committee of PEF, was involved in an accident with a tractor trailer operated by plaintiff on the New York State Thruway near Rochester. Glover was killed in the accident. Glover was traveling in a rental car to attend a meeting in Albany of PEF representatives and a Labor/Management Committee meeting scheduled for the next day. Committee members were reimbursed by PEF for their travel expenses, including car rental expenses.

Supreme Court properly granted the motion of PEF for summary judgment dismissing the complaint and cross claims against it and denied plaintiff's cross motion for summary judgment establishing PEF's vicarious liability for Glover's negligence.

"[T]he imposition of liability under the doctrine of respondeat superior requires, at minimum, an existing relationship between the employer and the third person who committed the tortious act" (*Loucks v Community Home Care Servs.*, 209 AD2d 484; *see, D'Amico v Christie*, 71 NY2d 76, 89). There is no evidence of an employer-employee or principal-agent relationship between PEF and Glover. Glover was a union officer but, pursuant to the collective bargaining agreement, the State continued to pay him while he attended union meetings. The fact that Glover was reimbursed for travel expenses by PEF did not make him an employee of PEF. Glover's membership in the union was voluntary, and Glover was not paid by the union for his services on its behalf. Further, PEF lacked the control over Glover necessary to impose vicarious liability upon it for the conduct of Glover while traveling to attend the meeting (*see, Lundberg v State of New York*, 25 NY2d 467, 470-471, *rearg denied* 26 NY2d 883). The decision by Glover to use a rental car was a personal decision for which PEF bore no responsibility (*see, Howard v Hilton*, 244 AD2d 912). The mere fact that PEF had agreed to reimburse Glover for his travel expenses "did not bestow in it any right of control" (*Lundberg v State of New York, supra,* at 472).

All concur except Fallon, J., who dissents and votes to modify in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent. In my view, Supreme Court erred in granting the motion of defendant New York State Public Employees Federation (PEF) for summary judgment. "The determination of whether a particular act was within the scope of a[n agent's] employment is so heavily dependent on factual considerations that the question is ordinarily one for the jury" (*Patterson v Khan*, 240 AD2d 644; *see, Riviello v Waldron*, 47 NY2d 297, 303). With respect to PEF's alleged vicarious liability, it is immaterial that PEF was not paying the salary of Evan M. Glover because vicarious liability may be imposed upon a principal for the tortious acts of an unpaid agent (*see,* 53 NY Jur 2d, Employment Relations, § 328). Although New York State paid his salary on the day of the accident, pursuant to the collective bargaining agreement, he had an "agency release" from his work for the day in order to attend the PEF meeting. Payment for his travel time could be deemed to create a right to control in the State, which was transferred to PEF (*see, Parke-Bernet Galleries v Franklyn*, 26 NY2d 13, 18-19; *Hollant v North Shore Hosp.*, 24 Misc 2d 892, 894, *affd* 17 AD2d 974). Further, Glover was not commuting to work at the time of the accident; rather, in his position as a PEF steward for his district in Buffalo, he had to drive to Albany in order to further the business of PEF and, as noted, he was paid for his travel time. "Although normally an employee driving to and from work is not acting within the scope of employment, an exception exists for 'an employee who uses his car in furtherance of his work'" (*Bazan v Bohne*, 144 AD2d 168, 169-170; *cf., Lundberg v State of New York*, 25 NY2d 467, 470-472, *rearg denied* 26 NY2d 883). Therefore, there is an issue of fact whether Glover was the borrowed servant of PEF at the time in question and whether PEF had the right to exercise any control over Glover, including his means or method of travel.

Finally, the record is silent with respect to why, at the time of the accident, Glover was traveling westbound on the New York State Thruway, away from Albany, the location of his PEF business. Thus, there is an issue of fact whether, at the time of the accident, Glover was on a detour from his work for PEF and, if so, whether that detour was foreseeable (*see, Makoske v Lombardy*, 47 AD2d 284, 288, *affd* 39 NY2d 773). "[E]mployer responsibility in this area is broad[,] 'particularly where employee activity may be regarded as *incidental to the furtherance of the employer's interest*'" (*Bazan v Bohne, supra,*

at 170). The fact that, "prior to his tortious act, an employee may have combined business with pleasure does not necessarily relieve the employer of liability" (*James v Eber Bros. Wine & Liq. Corp.*, 153 AD2d 329, 334, *lv denied* 75 NY2d 711, *rearg dismissed* 76 NY2d 876). (Appeal from Judgment of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Denman, P. J., Lawton, Boehm and Fallon, JJ.