■ ZACHARY W. GITCHELL, an Infant, by and through His Natural Parents and Legal Guardians, KIMBERLY FEEHAN et al., Appellants-Respondents, v JOSEPH M. CORBY et al., Defendants, and WATKINS GLEN INTERNATIONAL, INC., Respondent-Appellant. [881 NYS2d 783]—

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered June 17, 2008 in a personal injury action. The order, inter alia, granted the motion of defendant Watkins Glen International, Inc. for summary judgment.

It is hereby ordered that the cross appeal is unanimously dismissed (*see Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; *Matter of Brown v Starkweather*, 197 AD2d 840, 841 [1993], *lv denied* 82 NY2d 653 [1993]; *see also* CPLR 5511) and the order is otherwise modified on the law by denying the motion of defendant Watkins Glen International, Inc. and reinstating the second amended complaint against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Zachary W. Gitchell, the 23-month-old son of plaintiff parents, when he was struck by a vehicle driven by defendant Joseph M. Corby. Plaintiff father (hereafter, plaintiff) and Corby were members of defendant Race Services, Inc. (RSI), a volunteer organization that agreed to provide services at racing events for defendant Watkins Glen International, Inc. (WGI), including track repairs and fire rescue. RSI members provided those services in exchange for, inter alia, camping privileges and event passes, as well as the opportunity to be involved with the racing community. Plaintiff and Corby were attending a mandatory safety seminar on WGI premises when Corby drove plaintiff to the camping facilities provided by WGI on its property for RSI members. After drop-

ping off plaintiff at his campsite, Corby struck plaintiff's son with his vehicle. Plaintiffs alleged that Corby was negligent and that he was acting within the scope of his employment with RSI and was under the control of WGI at the time of the accident. WGI sought summary judgment dismissing the second amended complaint against it on the grounds that (1) Corby was not negligent; (2) Corby was not engaged in employer-related activity at the time of the accident; and (3) Corby, who volunteered his services for RSI, was an independent contractor of WGI, and thus WGI could not be liable for Corby's actions based on the doctrine of respondeat superior. We conclude that Supreme Court erred in granting the motion, and we therefore modify the order accordingly.

With respect to the first ground for the motion, we conclude that the court properly determined that WGI failed to establish its entitlement to judgment on the ground that Corby was not negligent. Nevertheless, addressing the third ground for the motion, we conclude that the court erred in determining as a matter of law that Corby, as an RSI member, was an independent contractor of WGI and thus that WGI was not liable for his actions under the doctrine of respondeat superior. " 'It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done' . . . 'Control of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability' " (*Gfeller v Russo*, 45 AD3d 1301, 1302 [2007]). Here, the record establishes that WGI required that RSI operate exclusively at the racetrack owned by WGI. In addition, WGI provided uniforms with the WGI insignia to course marshals, provided radios to the course marshals, mandated that certain course personnel wear helmets, and supplied the vehicles, flags, supplies to clean the track, materials to repair the walls and equipment to extinguish fires. Furthermore, WGI specified the number of RSI members required for an event and set forth detailed operational guidelines concerning fire/rescue methods and pit duties. We therefore conclude on the record before us that there is an issue of fact whether RSI was an independent contractor of WGI (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Finally, with respect to the second ground for the motion, assuming, arguendo, that Corby was not an independent contractor of WGI, we conclude that there is an issue of fact on the record before us whether he was acting within the scope of his

employment at the time of the accident (*see generally id.*). " 'The general rule is that an employee acts within the scope of his [or her] employment when [he or she] is acting in furtherance of the duties owed to the employer *and* where the employer is or could be exercising some degree of control, directly or indirectly over the employee's activities' " (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1131 [2008], *lv denied* 11 NY3d 708 [2008]). "[E]mployer responsibility in this area is broad, particularly where employee activity may be regarded as *incidental to the furtherance of the employer's interest*" (*Makoske v Lombardy*, 47 AD2d 284, 288 [1975], *affd* 39 NY2d 773 [1976]; *see Bazan v Bohne*, 144 AD2d 168, 170 [1988]). Here, Corby spent the weekend on WGI premises in campsites provided by WGI and participated in mandatory safety training for the upcoming racing season. The accident occurred on WGI premises while plaintiff and Corby were on a scheduled break from the mandatory training. Thus, we conclude that the accident occurred while Corby was "engaged generally in the business of [WGI]" (*Davis v Larhette*, 39 AD3d 693, 694 [2007]) and, because it is unclear on the record before us whether the doctrine of respondeat superior applies (*see Makoske*, 47 AD2d at 287), we conclude that there is an issue of fact whether Corby was acting within the scope of his employment at the time of the accident. Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.