Vincent P. Carlineo, Appellant, v Bruce G. Akins, Jr., et al., Defendants, and Fortuna Energy, Inc., Respondent. [898 NYS2d 386]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered July 14, 2008 in a personal injury action. The order granted the motion of defendant Fortuna Energy, Inc. for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this personal injury action seeking damages for injuries he sustained when he was a passenger in a dump truck owned by defendant Michael S. Comstock, doing business as FT Well Support (Comstock), and operated by defendant Bruce G. Akins, Jr., who was hired by Comstock as an independent contractor. Defendant Fortuna Energy, Inc. (Fortuna) contracted with Comstock to maintain gas wells owned by Fortuna. Comstock in turn contracted with Snelling Personnel Services (Snelling) to provide labor for his contract with Fortuna and plaintiff was employed by Snelling. Plaintiff and Akins were traveling from one well site to another when the truck tipped over as it was descending a steep hill on an unpaved road.

Supreme Court properly granted the motion of Fortuna seeking summary judgment dismissing the complaint against it. Fortuna established its entitlement to judgment as a matter of law, and plaintiff failed to raise an issue of fact whether Fortuna controlled the " 'method and means by which the work is to be done[,]. . . the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability' " (*Gfeller v Russo*, 45 AD3d 1301, 1302 [2007]; *cf. Gitchell v Corby*, 64 AD3d 1163, 1164 [2009]). Although Fortuna's employee met each day with Comstock or members of his work crew to inform them what work was to be performed that day, Fortuna's employee did not control the method and means of the work that Comstock was responsible to perform

(*see generally Gitchell*, 64 AD3d at 1164). On the day of the accident, Fortuna's employee instructed Comstock's work crew to transport the unused gravel from one well site to the remaining well sites and to fill the well sites. He did not, however, direct the work crew how that work was to be performed, nor did he specify which person was to perform particular functions.

The court properly rejected plaintiff's contention that there is an issue of fact whether Fortuna is vicariously liable for the acts of the independent contractor, i.e., Akins, on the ground that the task of transporting gravel over hilly terrain on an unpaved road constituted an inherently dangerous activity (*see generally Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]). "Familiar examples of inherently dangerous activities are blasting, certain types of construction and working with high tension electric wires" (*id.*). The activity of transporting construction materials from one work site to another over rural roads, "successfully accomplished countless times daily[,] . . . is simply not an inherently dangerous activity so as to trigger vicarious liability" (*id.*).

All concur except Fahey, J., who dissents and votes to reverse in accordance with the following memorandum.

Fahey, J. (dissenting). I respectfully dissent and would reverse the order, deny the motion of defendant Fortuna Energy, Inc. (Fortuna) for summary judgment and reinstate the complaint against it. In my view, there is an issue of fact whether Fortuna retained the right to direct and control the work that produced plaintiff's catastrophic injuries. Defendant Michael S. Comstock, doing business as FT Well Support (Comstock), testified at his deposition that Fortuna had the right to inspect and control his work, and that his work crew followed the instructions of Fortuna's representatives. Comstock further testified at his deposition that the purchase order for the work performed by his work crew for Fortuna on the date of the accident did not include the injury-producing work.

More importantly, the record establishes that a Fortuna foreman had occasionally directed Comstock's work crew to perform work beyond that originally scheduled. That foreman, through a member of the Comstock's work crew with which plaintiff worked, also ordered the work crew to proceed to the well site en route to which plaintiff was injured, and the foreman instructed the work crew to travel on the steep unpaved road on which the accident occurred. Therefore, in my view, there is a triable issue of fact on the record before us whether Fortuna had the right to direct and control the work that produced plaintiff's injuries (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

I further must disagree with my colleagues on the issue whether Fortuna is vicariously liable for the acts of defendant Bruce G. Akins, Jr., who was hired by Comstock as an independent contractor. The work giving rise to plaintiff's injuries involved the extremely dangerous task of transporting gravel in a large dump truck that was nearly filled to capacity, while at the same time the dump truck was towing a trailer carrying a backhoe. That weight, coupled with the very steep downhill gradient on the unpaved road at issue, rendered the injury-producing work equally dangerous to, if not more dangerous than, the blasting, construction and electrical work identified by the Court of Appeals as inherently dangerous activities (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995]). I therefore would reverse the order, deny the motion of Fortuna and reinstate the complaint against it. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.