■ STANLEY MATUSEWICZ, Appellant, v MOTION MARKETING, INC., Doing Business as ON TARGET, et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated February 6, 1989, which granted the defendants' motion for summary judgment and denied his cross motion to dismiss the answer.

Ordered that the order is affirmed, with costs.

The defendant On Target, a Division of Motion Marketing

Associates, Inc. (sued herein as "Motion Marketing, Inc., Doing Business as On Target" [hereinafter On Target]) and the defendant Getting To Know You, Inc. (also known as Getting to Know You International Limited) made a joint motion for summary judgment upon the basis that Harriet Barnes, the individual whose alleged negligence resulted in injuries to the plaintiff, was not their employee. In support of this motion, the president of each of these corporate defendants averred that Barnes had absolutely no association with Getting to Know You International Limited, and that Barnes had been retained by On Target as an independent contractor rather than as an employee. This assertion was supported by the production of a written contract in which Barnes expressly agreed not to hold herself out as an employee of On Target, and by the deposition testimony of Barnes herself in the instant action, during which she stated, *inter alia,* that she worked out of her own home, that she determined her own hours, that she received no benefits (aside from commissions) from On Target and that she considered herself an independent contractor of On Target. Barnes also testified, unequivocally, that she had "absolutely nothing to do with" the codefendant Getting to Know You, Inc.

Since the defendants established their entitlement to summary judgment as a matter of law, the burden fell upon the plaintiff to submit evidence sufficient to reveal the existence of a genuine issue of fact. To meet this burden, the plaintiffs submitted a transcript of an earlier deposition of Barnes, taken in connection with a different action, during which Barnes stated that she was "employed" by On Target. However, when Barnes' earlier testimony concerning her alleged "employment" is considered in context, it becomes clear that it is not, in fact, contradictory to her more recent, and more detailed testimony, which clarifies her exact status as that of an independent contractor. The distinction between the legal status of an "employee" and that of an "independent contractor" was not at issue in the earlier deposition, as it was in the deposition in the case at bar, and it is entirely understandable that a speaker who has no reason to consider the distinction to be crucial might use the term "employee" even though the term "independent contractor" would have been more accurate.

In short, we find that there is no substantive conflict between the conclusory testimony given by Barnes at her earlier deposition, and the more precise and more highly elaborated testimony given at her deposition in the instant action. Since

there is no genuine issue of fact, the court properly awarded summary judgment to the defendants. Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.