■ CASTEEL USA, INC., Respondent, v V.C. VITANZA SONS, INC., Appellant.—In an action to recover damages for breach of an equipment rental contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), entered July 14, 1989, as granted the plaintiff's motion for partial summary judgment and granted it leave to enter a judgment in the principal sum of $102,421.09.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the present case, there is no dispute that the invoices submitted by the plaintiff accurately reflect the amounts which the defendant agreed to pay for the rental of steel sheet piles for a construction project. Thus, the plaintiff established its entitlement to judgment in its favor as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). The burden therefore was upon the defendant to submit evidence sufficient to reveal the existence of a genuine issue of fact (see, Matusewicz v Motion Mktg., 161 AD2d 620). The defendant's unsubstantiated and conclusory allegation that it was fraudulently induced into agreeing to the contract on the basis of the estimated liquidation charge is insufficient to create a genuine

issue of fact *(see, Matusewicz v Motion Mktg., supra)*. The defendant failed to put forth evidence showing any misrepresentation by the plaintiff.

The defendant's additional argument that it should be excused from its obligation of payment under the rental agreement due to impossibility of performance because the city issued a stop work order is meritless. "[A]bsent an express contingency clause in the agreement allowing a party to escape performance under certain specified circumstances, compliance is required" *(Stasyszyn v Sutton E. Assocs.,* 161 AD2d 269, 271). In the present case, there was no specific clause in the rental agreement providing for the termination or suspension of monthly rental payments in the event of the issuance of a stop work order by the city.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.