■ Hope Berger, Individually and as Administratrix of the Estate of Morton Berger, Deceased, Respondent, v Greg Dykstra et al., Defendants, and Centerline Distributors, Appellant. (And Another Related Action.) [610 NYS2d 401] — Casey, J. Appeal from an order of Supreme Court (Harris, J.), entered April 14, 1993 in Albany County, which denied defendant Centerline Distributors' motion for summary judgment dismissing the complaint against it.

This wrongful death action arises out of an accident in which a motor vehicle owned and operated by defendant Greg Dykstra struck a vehicle operated by the decedent, Morton Berger. The complaint alleges that defendant Centerline Distributors was Dykstra's employer and that Dykstra was acting in the scope of his employment at the time of the accident. Centerline moved for summary judgment upon the ground that Dykstra was an independent contractor, not an employee, and that, in any event, Dykstra had finished working long before the accident occurred. Supreme Court denied the motion, resulting in this appeal by Centerline. We reverse.

The general rule that a party who retains an independent contractor, as distinguished from an employee, has no liability for the independent contractor's negligent acts is based on the premise that one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is placed on the contractor (Kleeman v Rheingold, 81 NY2d 270, 273-274). Control of the method and means by which the work is to be done, therefore, is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability (Lazo v Mak's Trading Co., 199 AD2d 165; Crage v Kissing Bridge Ski Area, 186 AD2d 987, 988, lv denied 81 NY2d 702). The matter usually presents a question of fact, but when the evidence in the record on the issue of control is undisputed, the matter may properly be determined by the court as a matter of law (supra).

The evidence on the issue of control in this case, which consists of examinations before trial of Dykstra and the president of Centerline, is undisputed. At the time of the accident Dykstra worked as a sales representative, selling certain equipment distributed by Centerline. Dykstra was paid a commission by Centerline, but received no other benefits. Centerline did not set Dykstra's hours and set no sales quotas. Dykstra worked out of his house, used his own vehicle and paid all of his own business expenses, which were not reim-

bursed. Centerline did not provide Dykstra with a sales pitch or otherwise provide any guidance or advice on the method and means by which Dykstra did his work. In fact, Centerline's president stated that Dykstra knew more about the business than he did. The only restriction was on Dykstra's geographical territory.

The evidence submitted on Centerline's motion for summary judgment establishes as a matter of law that Dykstra was an independent contractor and not an employee (*see, Conway v Rossi*, 192 AD2d 855; *Matusewicz v Motion Mktg.*, 161 AD2d 620). The motion should, therefore, have been granted.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Centerline Distributors and complaint dismissed against it.