■ GEORGE J. MASON, SR., et al., Respondents, v PETER A. SPENDIFF, Defendant, and HEARST CORPORATION, Appellant. (And a Third-Party Action.) [656 NYS2d 462] —Peters, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 18, 1996 in Schenectady County, which, inter alia, denied a motion by defendant Hearst Corporation for summary judgment dismissing the complaint against it.

At approximately 6:40 A.M. on November 30, 1991, plaintiff George J. Mason, Sr. (hereinafter plaintiff), while stationed at the rear of his employer's garbage truck, was struck by a vehicle driven by defendant Peter A. Spendiff. Prior to the accident,

Spendiff had been delivering copies of the Times Union newspaper to subscribers along his designated routes. Plaintiff's injuries required the amputation of both of his legs above the knee.

Plaintiff, and his wife derivatively, commenced an action against Spendiff and later commenced a second action against defendant Hearst Corporation (hereinafter defendant), the publisher of the Times Union.[1] Defendant moved for summary judgment, contending that since Spendiff was not an employee, it could not be held liable. Plaintiffs opposed the motion and cross-moved for an order declaring Spendiff to be one of defendant's employees. Supreme Court denied both motions and defendant now appeals.

"Control of the method and means by which the work is to be done * * * is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability" (Berger v Dykstra, 203 AD2d 754, lv dismissed, lv denied 84 NY2d 965; see, Lazo v Mak's Trading Co., 199 AD2d 165, 166, affd 84 NY2d 896). While the question of control is generally a question of fact, where the evidence in the record is undisputed, the issue may be determined as a matter of law (see, Malamood v Kiamesha Concord, 210 AD2d 26; Berger v Dykstra, supra). Our review of the record reveals sufficiently conflicting evidence to preclude such determination.

Spendiff delivered newspapers for defendant[2] along three specific routes. In connection therewith, he signed an agreement which continuously characterized him as an independent contractor engaged in the selling and delivering of newspapers. While such agreement permitted carriers, such as Spendiff, to buy newspapers at a wholesale price and then set their own subscription rates, evidence in the record indicated that defendant billed Spendiff's subscribers directly and that subscribers predominantly mailed their payments to defendant. Further, while the agreement confined Spendiff's "delivery, sampling and solicitation activity to * * * [his] route and territory", testimony revealed that he was free to solicit and deliver to subscribers outside of his territory. While the agreement also provided that Spendiff should "endeavor to complete delivery of publications promptly" by a time set for both the daily and Sunday editions, the record reflects that he picked up his newspapers at any time after printing and that he was free to

1. It appears that these actions were consolidated.
2. Defendant publishes the Times Union and distributes it to its home subscribers through one of its divisions, Capital Newspapers.

determine the order, timing and means of delivery so long as they occurred within the time frames set forth in the agreement.

While defendant's daily use of "bundle sheets",[3] the employment of approximately 30 customer service representatives to, *inter alia*, respond to complaints concerning a carrier's conduct and the role of its district manager to "guide" carriers may well indicate an employer-employee relationship (*see generally, Matter of Paolucci v Capital Newspapers*, 229 AD2d 751; *Lazo v Mak's Trading Co.*, 199 AD2d 165, *supra*; *Matter of Pittman v Poughkeepsie Journal*, 140 AD2d 779; *Matter of Wells [Utica Observer-Dispatch & Utica Daily Press—Roberts]*, 87 AD2d 960, *affd sub nom. Matter of Di Martino [Buffalo Courier Express Co.—Ross]*, 59 NY2d 638), Spendiff's use of his own vehicle, his failure to be reimbursed for gas, insurance or any other work-related expenses, his freedom to engage in competing businesses and the method by which his weekly remuneration is calculated and taxed indicates to the contrary (*see generally, Matter of Seaver [Glens Falls Newspapers—Hartnett]*, 162 AD2d 841; *Matusewicz v Motion Mktg.*, 161 AD2d 620; *Matter of Mid-Hudson Publs. [Roberts]*, 119 AD2d 959). Accordingly, in our view, summary judgment was properly denied.

In light of this determination, we need not address any of the remaining contentions, including the issue of whether Spendiff was acting within the scope of his employment at the time of the accident. Accordingly, we affirm the order of Supreme Court in its entirety.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** "Bundle sheets" annexed to newspapers set aside for each individual carrier detail specific changes in customers, their orders for suspension of delivery or the registry of a customer complaint.