■ WILLIAM P. GREENE, Appellant, v JERRY OSTERHOUDT et al., Respondents. [673 NYS2d 272] —Mikoll, J. P. Appeal from an order and judgment of the Supreme Court (Ingraham, J.), entered August 12, 1997 in Otsego County, which, *inter alia*, granted defendant Jerry Osterhoudt's motion for summary judgment dismissing the complaint against him.

The sole question presented upon this appeal is whether Supreme Court erred in finding, as a matter of law, that plaintiff was an independent contractor and not an employee of defendant Jerry Osterhoudt (hereinafter defendant).

The record discloses the following uncontroverted facts. Plaintiff worked as a handyman performing general maintenance, construction and repair work for a variety of individuals and businesses in the City of Oneonta area in Otsego County, finding work most often by "word of mouth". Over a period of several years prior to his accident, plaintiff had performed a variety of jobs for defendants at their rental properties and residences. During this same period, he performed similar work for approximately eight other individuals or entities. Some of these jobs lasted a month or longer, and on many occasions plaintiff declined to work for defendants due to other commitments. Supplies and materials, when needed, were furnished by defendants. Tools were generally available on defendants' premises, but plaintiff owned an extensive set of power and hand tools which he always brought to the work sites. He was paid on an hourly basis at his request, and Social Security and other taxes were not withheld from his pay. On his income tax returns, plaintiff described himself as a "self employed-carpenter" and reported the moneys he received from his various jobs as income rather than wages or salary.

Sometime in March 1994, plaintiff was asked to trim trees located on defendants' adjoining rental properties. Although plaintiff agreed to do the work, he did not begin the job for at least two weeks due in part to his involvement with a job for another individual. On March 23, 1994, plaintiff and a co-worker first trimmed two trees on defendant's property and then proceeded onto the property of defendant Carl Osterhoudt (hereinafter Osterhoudt), where plaintiff was injured when he fell while trimming one of the trees thereon. Neither defendant nor Osterhoudt was present when the accident occurred, nor did either give plaintiff any specific direction as to the manner in which to perform the job except for indicating which trees were to be trimmed and where the severed limbs were to be placed. In addition to his usual tools, plaintiff brought a chain saw and reciprocating saw to the work site. Defendants provided a ladder, rope and chain saw for plaintiff's use. Plaintiff testified that during the course of the job, he decided which tools and saw to use and was in fact using his own saw when the accident occurred.

Plaintiff has alleged in this action that he was defendants' employee and that they were negligent in failing to provide him with adequate instruction, safety devices, tools and equipment in the performance of his tasks. Following discovery, defendant moved for summary judgment on the grounds that he did not own or control the property on which plaintiff was injured and that, as plaintiff was not an employee but an independent contractor, no liability existed. Supreme Court agreed and granted summary judgment to defendant. Plaintiff appeals.

The determination whether an individual is an employee or an independent contractor turns principally upon the question of who exercises control over the method and means of the work (*see, Berger v Dykstra,* 203 AD2d 754, *lv dismissed* 84 NY2d 965). Other relevant factors include whether the individual furnishes his own tools or equipment, how payment is made and whether Social Security and other taxes are withheld from such payments (*see, Stevens v Spec, Inc.,* 224 AD2d 811, 812). While this determination usually presents questions of fact sufficient to preclude summary judgment, where evidence is undisputed, and the facts are compellingly clear, the issue may be determined as a matter of law (*see, Mason v Spendiff,* 238 AD2d 780, 781; *Berger v Dykstra, supra; Lazo v Mak's Trading Co.,* 199 AD2d 165, 166, *affd* 84 NY2d 896; *Crage v Kissing Bridge Ski Area,* 186 AD2d 987, 988, *lv denied* 81 NY2d 702). Supreme Court's findings were based on the foregoing uncontro-

verted evidence, derived largely from plaintiff's sworn deposition, which established as a matter of law that he was an independent contractor. Plaintiff failed to meet his burden of demonstrating the existence of a triable issue of fact and, as noted by Supreme Court, could not avoid summary judgment by alleging issues of fact created by self-serving affidavits contradicting prior sworn deposition testimony (see, Matter of Meditrust v Fahey, 226 AD2d 999, 1001). Summary judgment was therefore properly granted to defendant. In view of our holding, we do not reach the issue of defendant's third-party claim against Osterhoudt.

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with costs.