■ DIPTI SHAH et al., Appellants, v MEHJABIN LOKHAND-WALA et al., Defendants, and PRUDENTIAL LONG ISLAND REALTY, Respondent. [697 NYS2d 73] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 23, 1998, as granted that branch of the cross motion of the defendant Prudential Long Island Realty which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the respondent is denied.

The plaintiff Dipti Shah was injured in a car accident while a passenger in a vehicle being driven by the defendant Mehjabin Lokhandwala, a real estate agent for the defendant Prudential Long Island Realty (hereinafter Prudential). The Supreme Court granted the cross motion of Prudential for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We reverse.

The Supreme Court correctly observed that Prudential could not be held liable under a vicarious liability theory for any negligence on the part of Mehjabin Lokhandwala if she was an independent contractor rather than an employee of Prudential (*see, Chainani v Board of Educ.,* 87 NY2d 370; *Kleeman v Rheingold,* 81 NY2d 270). However, this record presents triable issues of fact, *inter alia,* as to whether the defendant Mehjabin Lokhandwala was an independent contractor (*see, Mur-*

*phy v ERA United Realty,* 251 AD2d 469). The mere fact that Mehjabin Lokhandwala's contract with Prudential designates her as an independent contractor is not dispositive of the issue (*see, Matter of Gallagher v Houlihan Lawrence Real Estate,* 259 AD2d 853). The deposition and documentary evidence submitted show, *inter alia,* that Prudential real estate agents were required to work exclusively for Prudential, to attend weekly sales meetings, to use only business cards bearing the Prudential name, to comply with Prudential's dress code and other office procedures, and to keep Prudential's office manager apprised of all transactions (*see, Murphy v ERA United Realty, supra; see also, Matter of 12 Cornelia St. [Ross],* 56 NY2d 895). Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.