■ RUTH A. WRIGHT et al., Respondents, v MICHAEL J. LABRAKE, Defendant, and SERGI'S ITALIAN RESTAURANT AND PIZZERIA, Appellant. [699 NYS2d 227] —Cardona, P. J. Appeal from an order of the Supreme Court (Demarest, J.), entered Febru-

ary 26, 1999 in St. Lawrence County, which denied defendant Sergi's Italian Restaurant and Pizzeria's motion for summary judgment dismissing the complaint against it.

On November 19, 1996, plaintiff Ruth A. Wright (hereinafter Wright) and her 11-year-old granddaughter, plaintiff Loretta A. Wright (hereinafter the infant), were allegedly struck by an automobile driven by defendant Michael J. LaBrake while they were standing in front of defendant Sergi's Italian Restaurant and Pizzeria (hereinafter defendant) in the Town of Canton, St. Lawrence County. Thereafter, Wright, her husband and the infant commenced this personal injury action against defendant and LaBrake alleging, *inter alia*, that LaBrake was employed by defendant at the time of the accident. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the basis that LaBrake was not its employee and that, even if he were, he was not acting within the scope of his employment at the time of the accident. Supreme Court denied the motion resulting in this appeal.

We affirm. Initially, we note that determining the existence of an employer-employee relationship is essentially a factual inquiry (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521; *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736; *Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853). Relevant factors include the right of control over the work, the method of payment, the furnishing of equipment, the right of discharge and the relative nature of the work (*see, Fitzpatrick v Holimont Inc.*, 247 AD2d 715, *lv dismissed* 92 NY2d 888; *Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684, 685). Where the evidence presented is unclear or in dispute concerning whether an individual is an employee, summary judgment is inappropriate (*see, e.g., Lysiak v Murray Realty Co.*, 227 AD2d 746, 747-748; *Marks v Morehouse*, 222 AD2d 785, 787; *cf., Greene v Osterhoudt*, 251 AD2d 786).

In the instant case, LaBrake testified at his examination before trial that he rented an apartment from Frank Sergi who he believed owned the restaurant. He stated that he would "help out" at the restaurant by making and delivering pizzas and waiting tables when employees called in sick and, in return, he received an abatement in his rent from Sergi. He indicated that he worked at the restaurant approximately twice a month for a total of 16 hours and usually received a credit of $50 off his rent. He stated that, on the day of the accident, Sergi called him to fill in for the "pizza maker" and he arrived at the restaurant at approximately 5:00 P.M. LaBrake testified that upon arrival Sergi directed him to deliver pots to the house

of Sergi's parents and stop at the store to purchase some pens and detergent. He stated that he drove his own car to run the errand which took approximately 15 minutes. The accident occurred after LaBrake returned to the restaurant while he was parking his car. LaBrake stated that, following the accident, he worked at the restaurant making pizzas.

Sergi testified that he worked at the restaurant, a family-owned business run by his parents, and was responsible for managing the front counter and ordering food and supplies. He denied any responsibility for hiring and firing employees; however, he acknowledged that LaBrake received an abatement in rent on the apartment he leased from Sergi for "helping out" at the restaurant. He admitted that LaBrake "showed up" to help out at the counter on the day of the accident, but did not remember calling him. Sergi stated that LaBrake occasionally delivered pizzas using his brother's car and would keep the tips earned during the deliveries. He further stated that LaBrake occasionally did errands for him.

The foregoing testimony supports the conclusion that LaBrake did various types of work for the restaurant and, given the nature of the business, was subject to the control of others in the performance of such duties. In addition, he received a monetary benefit in the form of a reduction in rent in exchange for his efforts. In our view, this is sufficient to raise a question of fact concerning the existence of an employer-employee relationship.

Like the existence of an employment relationship, whether an employee is acting within the scope of employment is "so heavily dependent on factual considerations" it is typically for resolution by a jury (*Riviello v Waldron*, 47 NY2d 297, 303). "The test for determining whether specific activities are within the scope of employment or purely personal is whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 476). Here, LaBrake reported for duty to the restaurant prior to being instructed to deliver the pots to Sergi's parents and purchase pens and detergent. In view of this, as well as the nature of the errand and LaBrake's return to the restaurant to make pizzas after completing the errand, the issue of whether he was acting within the scope of his employment at the time of the accident is also one of fact. Therefore, we find no reason to disturb Supreme Court's order denying defendant's motion for summary judgment.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.