■ DONALD LIPSKI, Respondent-Appellant, v C.W. POST COLLEGE, Appellant-Respondent. [714 NYS2d 136] —In an action to recover damages for breach of contract and negligence, the defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated March 10, 1999, as denied its cross motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated October 5, 1999, as granted the plaintiff's cross motion to add Terri Hyland as a party plaintiff, and the plaintiff cross-appeals, as limited by his brief, from so much of the order dated March 10, 1999, as denied those branches of his motion which were for partial summary judgment on the first cause of action alleging breach of contract and for an award of an attorney's fee.

Ordered that the orders are affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff loaned the defendant a piece of artwork to exhibit on its college campus. While on exhibit, the artwork was damaged by vandals. The defendant's employees then allegedly destroyed the artwork when they attempted to remove it from the exhibit. As a result, the plaintiff brought the instant action against the defendant to recover damages for breach of contract and negligence.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on his cause of action alleging breach of contract. Questions of fact exist as to the terms of the contract under which the plaintiff loaned the artwork to the defendant and whether the defendant breached that contract (*see generally, Zuckerman v City of New York,* 49 NY2d 557). Similarly, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for negligence. The defendant, as bailee of the artwork, failed to establish as a matter of law that it exercised that degree of care which a reasonably careful owner of similar goods would have exercised under the same circumstances (*see, Rosen v Village Chevrolet,* 63 Misc 2d 174, 176).

The parties' remaining contentions are without merit. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.