Mugglin, J.
Appeal from that part of an order of the Supreme Court (Bradley, J.), entered June 20, 2002 in Ulster County, which granted a motion by defendant Carpet Store and Warehouse for summary judgment dismissing the complaint against it.
The issue presented on this appeal is whether defendant Paul C. Parisio, at the time that the van he was operating collided with plaintiffs vehicle, was an employee of defendant Carpet Store and Warehouse (hereinafter defendant) or whether he was an independent contractor. The distinction is crucial because “as a general rule, a party who engages an independent contractor is not liable for the independent contractor’s negligence because that party has no right to supervise or control the work being performed” (Richardson v Simone, 275 AD2d 576, 576 [2000]; see Berger v Dykstra, 203 AD2d 754, 754 [1994], lv dismissed and denied 84 NY2d 965 [1994]). “Control *681 of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability” (Berger v Dykstra, supra at 754 [citations omitted]). “Other relevant factors include whether the individual furnishes his own tools or equipment, how payment is made and whether Social Security and other taxes are withheld from such payments” (Greene v Osterhoudt, 251 AD2d 786, 787 [1998] [citations omitted]). While this determination “is generally a question of fact, where the evidence in the record is undisputed, the issue may be determined as a matter of law” (Mason v Spendiff, 238 AD2d 780, 781 [1997]).
Here, although the evidence is undisputed, plaintiff argues that summary judgment should not have been granted to defendant because competing inferences may be drawn from the facts. We disagree and affirm. Defendant sells at retail, but does not install, various types of floor covering, including carpeting, vinyl, tile and hardwood. Typically, when carpet is sold, defendant’s representatives measure the customer’s floor area, prepare an invoice which reflects the square yardage of the carpet sold and a labor charge, take a 50% deposit from the customer, cut the carpet and leave it in defendant’s warehouse with a copy of the invoice. Defendant’s representatives then check for the availability of Parisio or one of defendant’s other installers and confirm the installation date with the customer.
Parisio and defendant Kevin Sweeney do business as Independent Floor Covering. When their services are needed, one of defendant’s representatives calls them. Parisio (whose uncle is one of the principals of defendant) is entrusted with a key to the warehouse and typically uses the key to gain entrance to the warehouse for purposes of picking up the cut carpet and copy of the invoice. Parisio and Sweeney use their own tools and equipment to install carpet and purchase any accessories, such as glue and tacks. Their work is not supervised or controlled in any way by defendant. At the end of each week, they submit a bill to defendant at the rate of $3 per square yard of carpet installed and they receive a check payable to Independent Floor Covering for the gross amount earned without deduction for Social Security or other taxes.
At the time of the accident, Independent Floor Covering also performed installation work for another flooring company. In our view, these undisputed facts establish as a matter of law that Parisio was an independent contractor for defendant. Plaintiff has failed in her burden by submitting no evidence that Parisio was an employee of defendant, thus raising no tri *682 able issue of fact (compare, Wright v La Brake, 267 AD2d 578, 579-580 [1999]).
Cardona, P.J., Crew III, Feters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.