In the Matter of SHAWN DATES, Appellant, v SHANIKA L. MUNDT, Respondent. (Proceeding No. 1.) [771 NYS2d 740]—

Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered January 24, 2003, which, inter alia, granted petitioner Jean L. Mundt's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the child.

In November 2002, while imprisoned at the Collins Correctional Facility in Erie County, Shawn Dates (hereinafter the father) filed a petition for joint custody of his child. Jean L. Mundt (hereinafter the grandmother) has been the child's primary caregiver since birth. In January 2003, the grandmother also filed a petition for custody. The custody petitions were heard together in Family Court, with the father participating through video conferencing. After interviewing the grandmother, her boyfriend and the father, Family Court informed the parties that it was "going to give the grandmother temporary custody and then we are going to go from there." The father concedes that he consented to this arrangement. Thereafter, the court issued an order granting the grandmother *permanent* physical and legal custody of the child.* The father appeals.

Generally, "where a party agrees . . . to custody in the other party without requesting an evidentiary hearing, that party has waived the right to object to any irregularities in the proceedings" (*Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 822 [1990]). Here, however, the father asserts that he consented only to temporary custody and, further, that Family Court erred in issuing an order awarding the grandmother permanent custody, contrary to the court's decision stating that the grant of custody would be temporary. We agree.

"[A] written order must conform strictly to the court's decision, and . . . when there is a conflict between the two, the de-

---

* We construe the order to be permanent because Family Court states that it is a "final" order, directs that the father may, after parole, "ask for visitation with the child," states that "the family" is the grandmother and the child, and does not indicate that the custody award is temporary.

cision controls" (*see Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]). Such a discrepancy may be corrected via a motion to resettle or on appeal (*see Matter of Edward V.*, 204 AD2d 1060, 1060 [1994]; *Rowlee v Dietrich*, 88 AD2d 751, 752 [1982]). Accordingly, we sua sponte modify Family Court's order to clarify that the award of custody to the grandmother is temporary, in accordance with that court's decision (*see Matter of Edward V., supra* at 1060; *Didley v Didley*, 194 AD2d 7, 11 [1993]).

Mercure, J.P., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, without costs, by inserting the word "temporary" before "legal and physical custody" in the first decretal paragraph thereof and by adding "or custody of" after "he may repetition [the] court and ask for visitation with" in the third decretal paragraph thereof, and, as so modified, affirmed.