■ SALVATORE MARINO, as Administrator of the Estate of OLGA NUNEZ, Deceased, Appellant, v RUBEN VEGA et al., Defendants, and THE NEW YORK TIMES COMPANY et al., Respondents. [786 NYS2d 17]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 1, 2004, which granted the corporate defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendant Tri-State had a contract with defendant Times to distribute the latter's newspapers. Defendant Vega had an independent contract with Tri-State to deliver these papers, giving him sole responsibility and control over the manner and means of providing this service. Tri-State did not exercise sufficient control over the actual delivery process to raise a triable issue of fact as to whether it was vicariously liable for Vega's acts (*Santella v Andrews*, 266 AD2d 62 [1999], *lv denied* 94 NY2d 762 [2000]). The Independent Contractor Deliverer Agreement required that the newspapers be delivered each day by a certain time and in undamaged condition. This showed nothing more than the most general supervisory control, and could not be the basis for imposing liability against the corporate defendants for the acts of the independent contractor (*Santella v Andrews, supra*; *see also Lazo v Mak's Trading Co.*, 84 NY2d 896 [1994], *affg* 199 AD2d 165 [1993]).

Vega, who was on his way to work and had pulled his vehicle into a gas station to put air in a tire when his vehicle struck the decedent, was not acting within the scope of his employment at the time of the accident. The corporate defendants had no control over Vega's activities at that moment (*Lundberg v State of New York*, 25 NY2d 467 [1969]). Concur—Nardelli, J.P., Mazzarelli, Saxe, Friedman and Catterson, JJ.