■ JULIE H. ALBERS, Appellant, v BRIAN CURPIER, Doing Business as CLIPPER AVIATION, Respondent, et al., Defendant. (And a Third-Party Action.) [805 NYS2d 720]—

Peters, J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 24, 2005 in Otsego County, which granted a motion by defendant Brian Curpier for summary judgment dismissing the complaint against him.

On March 25, 2003, Edward Albers, plaintiff's father, and defendant Gerald Brown, owner of Aviation Services, an aircraft repair company doing business from the Oneonta Municipal Airport operated by defendant Brian Curpier, doing business as

Clipper Aviation, were flying plaintiff's 1965 Maule M4-210 aircraft to Cincinnati when they observed a crack in its tail wheel. They aborted their plan and returned to the Oneonta Municipal Airport so that Brown could fix the aircraft. They pushed the aircraft into a hangar and Brown told Albers to leave the keys in the ignition; he assured him that the hangar was secure. Brown further told Albers that any rent that may be due for the aircraft's storage would be determined by Clipper. It is undisputed that Brown had the authority to accept possession of the aircraft and keep it in the hangar for these purposes. When damage to the aircraft was discovered on March 29, 2003, neither the parties nor the police could offer any explanation.

Plaintiff commenced this action to recover for its property damage. She contends that Brown was an employee of Clipper and a bailee of the aircraft. Working under a respondeat superior theory, plaintiff contends that Clipper is liable for the damages. Curpier moved for summary judgment and Supreme Court granted the motion. This appeal ensued.

A failure by a bailee to return bailed property on demand will raise a presumption of negligence against the bailee (*see Lipski v C.W. Post Coll.*, 276 AD2d 599, 599 [2000]; *Martin v Briggs*, 235 AD2d 192, 197 [1997]). If Brown is found to be a Clipper employee, the delivery of the aircraft to him could potentially impose liability upon Clipper (*see Snyder v Kramer*, 94 AD2d 860, 860 [1983], *affd* 61 NY2d 961 [1984]; *see also State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859, 860 [2005]). The record reflects that Brown performed repair work from any of the hangars in Clipper's facility and assisted Clipper's customers in numerous tasks that were independent of his repair or maintenance-related work. And, while Curpier acknowledged that Brown had leased and paid for space from Clipper in the past, he contended that their current relationship was solely one of barter. The record is bereft of books, records, tax returns or canceled checks evidencing this arrangement. Viewing the evidence in a light most favorable to plaintiff, we find that a triable issue of fact remains (*see Wright v LaBrake*, 267 AD2d 578, 579 [1999]; *see also Huneau v Maple Ski Ridge, Inc.*, 17 AD3d 848, 849 [2005]).*

---

* Even if defendant had, in fact, sustained its prima facie burden on this motion, we would still conclude that plaintiff's proffer raised a triable issue of fact. In response to the motion, plaintiff proffered evidence that Brown pumped fuel, answered the telephone, assisted pilots and provided flight instruction in aircrafts owned by Clipper; students paid Clipper for the aircraft rental and Brown for the flight instruction.

Cardona, P.J. and Kane, J., concur.

Carpinello, J. (dissenting). We respectfully dissent. As plaintiff could offer nothing more than mere speculation in an effort to establish an employment relationship between defendant Gerald Brown and Clipper Aviation, Supreme Court correctly granted summary judgment to Clipper's owner, defendant Brian Curpier.

The record reveals that, although plaintiff is the registered owner of the airplane at issue, her father, Edward Albers, has regularly flown it in the past. Indeed, Albers, accompanied by Brown, was flying the plane on March 25, 2003 when the defect was discovered necessitating their return to Oneonta Municipal Airport. Significantly, Albers was intimately familiar with Brown's status at that airport because he had been performing aircraft repairs under Brown's direction for three years in an effort to obtain certification as an aircraft mechanic.

Notably, upon being asked at his deposition whether Brown was an employee of Clipper, Albers testified, "No. I figured it was his own business." Moreover, Brown, who had every incentive to shift liability for this loss to Clipper, unequivocally testified at his own deposition that he worked for himself. Nothing in the record contradicts these unambiguous descriptions of Brown's status. Since there was a complete absence of any proof that Clipper controlled the manner in which Brown performed his work thereby negating any inference of an employment relationship between the two, we find that summary judgment was properly granted to Curpier (*see Greene v Osterhoudt*, 251 AD2d 786, 787-788 [1998]; *DeFeo v Frank Lambie, Inc.*, 146 AD2d 521, 522 [1989]; *Shapiro v Robinson*, 102 AD2d 822 [1984], *affd* 63 NY2d 896 [1984]). Accordingly, we would affirm the order.

Spain, J., concurs. Ordered that the order is reversed, on the law, with costs, and motion denied.