■ MARK GFELLER, Respondent, v SAMUEL P. RUSSO, Defendant, and NIAGARA FRONTIER RECOVERY, LLC, Appellant. [846 NYS2d 501]—

Appeal from an order of the Supreme Court, Livingston County (Joan S. Kohout, A.J.), entered March 27, 2006 in a personal injury action. The order denied the motion of defendant Niagara Frontier Recovery, LLC for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint against defendant Niagara Frontier Recovery, LLC is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a vehicle owned and operated by defendant Samuel P. Russo struck plaintiff's vehicle. Plaintiff alleged that defendant Niagara Frontier Recovery, LLC (NFR) was vicariously liable because, at the time of the accident, Russo was an employee of NFR and was acting in the scope of his employment. NFR moved for summary judgment dismissing the amended complaint against it on the ground that it was not vicariously liable for Russo's negligence because Russo was an independent contractor who was not acting within the scope of his employment at the time of the accident. We conclude that Supreme Court erred in denying the motion.

"It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done" (*Mercado v Slope Assoc.*, 246 AD2d 581, 581 [1998]; *see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992], *rearg dismissed* 82 NY2d 825 [1993]). "Control of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability" (*Berger v Dykstra*, 203 AD2d 754, 754 [1994], *lv dismissed* 84 NY2d 965 [1994]; *see Harjes v Parisio*, 1 AD3d 680, 680-681 [2003], *lv denied* 1 NY3d 508 [2004]; *Greene v Osterhoudt*, 251 AD2d 786, 787 [1998]). Other factors to consider include "whether the individual furnishes his [or her] own tools or equipment, how payment is made and whether Social Security and other taxes are withheld from such payments" (*Greene*, 251 AD2d at 787; *see Harjes*, 1 AD3d at 681).

In support of its motion, NFR presented evidence establishing that it had no control over the method or means by which Russo

performed his work; that Russo provided all of his own tools and equipment when he performed vehicle repossession work for NFR; that Russo was paid an agreed-upon price per vehicle that was repossessed; and that NFR did not withhold Social Security or other taxes from Russo's payments. Although most of his work came from NFR, Russo was free to seek employment from other sources and was not required to work exclusively for NFR. Finally, although the fact that the contract between Russo and NFR expressly stated that Russo was being retained as an independent contractor is not dispositive (*see Shah v Lokhandwala*, 265 AD2d 396 [1999]), it nevertheless is a fact that should be considered. We thus conclude that NFR met its burden of establishing as a matter of law that Russo was an independent contractor for whom NFR was not vicariously liable (*see e.g. Marino v Vega*, 12 AD3d 329 [2004]; *Harjes*, 1 AD3d at 681; *Rokicki v 24 Hour Courier Serv.*, 294 AD2d 555 [2002]; *Greene*, 251 AD2d at 787-788; *Mercado*, 246 AD2d 581 [1998]; *Berger*, 203 AD2d at 754-755; *cf. Lane v Lyons*, 277 AD2d 428 [2000]; *Shah*, 265 AD2d 396 [1999]).

Contrary to the contention of plaintiff, he failed to raise a triable issue of fact by submitting the reports and forms completed by Russo that were on NFR letterhead and stated that the vehicles were received by "Phil Russo of [NFR]." Those documents do not establish that NFR exercised any control over the method or means by which Russo repossessed the vehicles, nor do they otherwise raise an issue of fact whether there was an employment relationship between NFR and Russo.

Also contrary to plaintiff's contention, this case does not fall within an exception to the general rule that employers are not liable for the negligent acts of independent contractors (*see Rosenberg*, 79 NY2d at 668; *see also Kleeman*, 81 NY2d at 274). The record does not support the contention of plaintiff that the work being performed by Russo was inherently dangerous (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995], *rearg denied sub nom. Bruce v Hasbrouck*, 87 NY2d 862 [1995]; *Saini v Tonju Assoc.*, 299 AD2d 244, 245-246 [2002]), nor does it support his contention that NFR was negligent in hiring Russo (*see Farnsworth v Brookside Constr. Co., Inc.*, 31 AD3d 1149, 1151 [2006], *lv denied* 7 NY3d 713 [2006]; *Bellere v Gerics*, 304 AD2d 687, 688 [2003]).

In any event, even if Russo were an employee of NFR for purposes of vicarious liability, we would nevertheless conclude that he was not acting within the scope of that employment at the time of the accident. It is undisputed that Russo was returning from purchasing cigarettes and gasoline at the time of the

accident and that he did not have the necessary equipment to perform vehicle repossession work. Although Russo testified at his deposition that he intended to perform work for NFR that evening, his work for NFR did not necessitate the travel. Thus, it cannot be said that he was acting within the scope of his employment at the time of the accident (*see Swartzlander v Forms-Rite Bus. Forms & Print. Serv.*, 174 AD2d 971, 971-972 [1991], *affd* 78 NY2d 1060 [1991]; *Cicatello v Sobierajski*, 295 AD2d 974 [2002]; *see e.g. Marino*, 12 AD3d 329 [2004]; *Overton v Ebert*, 180 AD2d 955, 956-957 [1992], *lv denied* 80 NY2d 751 [1992]; *cf. Virtuoso v Pepsi-Cola Co.*, 286 AD2d 868 [2001]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.