■ Renee S. Santiago et al., Respondents, v Wendy A. Spinuzza, Respondent, and City of Dunkirk, Appellant, et al., Defendants. [851 NYS2d 322]—

Appeal from a judgment of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered December 15, 2006 in a personal injury action. The judgment determined, after a jury verdict, that defendant Wendy A. Spinuzza was an employee of defendant City of Dunkirk on the date of the accident in question.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Renee S. Santiago (plaintiff) when the vehicle she was operating was struck by a vehicle owned and operated by defendant Wendy A. Spinuzza while Spinuzza was driving to City Hall in defendant City of Dunkirk (City). Plaintiffs alleged, inter alia, that the City was vicariously liable for the actions of Spinuzza because she was an employee or agent of the City acting in the course and scope of her duties at the time of the accident. Supreme Court properly denied the motion of the City for summary judgment dismissing the complaint and all cross claims against it on the ground that Spinuzza was an independent contractor.

"It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done" (*Mercado v Slope Assoc.*, 246 AD2d 581, 581 [1998]; *see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992], *rearg dismissed* 82 NY2d 825 [1993]). "Control of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability" (*Berger v Dykstra*, 203 AD2d 754, 754 [1994], *lv dismissed in part and denied in part* 84 NY2d 965 [1994]; *see Harjes v Parisio*, 1 AD3d 680, 680-681 [2003], *lv denied* 1 NY3d 508 [2004]; *Greene v Osterhoudt*, 251 AD2d 786, 787 [1998]). Even assuming, arguendo, that the City met its initial burden on the motion, we conclude that plaintiffs raised a triable issue of fact concerning the City's control of the method and means of Spinuzza's work in performing housing inspections (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiffs presented evidence establishing that Spinuzza was required to work seven hours per day and that she began each day at City Hall and reported back to a city employee at the end of each day to discuss what she had inspected. Spinuzza also prepared daily reports, had a work space in City Hall, and carried a city identification card with her signature on a line labeled "Employee Signature."

The City further contends that the jury's verdict following a bifurcated trial on the issue of Spinuzza's employment is against the weight of the evidence. We reject that contention. "[The] verdict rendered in favor of [plaintiffs] may be successfully challenged as against the weight of the evidence only [if] the evidence so preponderated in favor of the [City] that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731 [1997]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). In light of the evidence of, inter alia, the City's supervision of Spinuzza and her city identification card, we conclude that the jury's verdict is based on a fair interpretation of the evidence (*see generally Lolik*, 86 NY2d at 746). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.