▆▆ Eunice Lewin et al., Appellants, v Gregory O'Brien, Respondent. [857 NYS2d 406]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 22, 2007 in a personal injury action. The order, inter alia, granted defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Eunice Lewin (plaintiff), an employee of the Buffalo Board of Education (Board), when she slipped and fell on ice in front of a school in the City of Buffalo. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant, the chief engineer at the school in question, met his initial burden by submitting evidence establishing as a matter of law that he was a salaried employee of the Board at the time of the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and thus that plaintiff's exclusive remedy is workers' compensation (*see* Workers' Compensation Law § 29 [6]; *Macchirole v Giamboi*, 97 NY2d 147, 149-150 [2001]). Plaintiffs failed to raise an issue of fact in opposition to the motion by asserting that, because defendant had the ability to hire staff at his discretion, he was an independent contractor and was not subject to the exclusivity provisions of the Workers' Compensa-

tion Law. The record establishes that defendant's discretion with respect to staffing was limited and subject to Board oversight, and that any staff wages were set by the Board. We thus conclude that "the facts are compellingly clear" that defendant was a Board employee as a matter of law (*Greene v Osterhoudt*, 251 AD2d 786, 787 [1998]). Present—Scudder, P.J., Hurlbutt, Centra and Gorski, JJ.