Rose, J.E
Appeal from an order of the Supreme Court (Devine, J.), entered March 13, 2012 in Albany County, which, among other things, partially denied defendants’ motions for summary judgment dismissing the complaint.
Plaintiff Kevin D’Allaird (hereinafter plaintiff) worked at a paper mill and operated a rewinder, a machine equipped with large metal rollers. The mill’s engineer noted issues with the machine’s brake control and requested that a representative of the control’s manufacturer, defendant Montalvo Corporation, “come in and look at the operation.” Gunnar Stalemark, the principal of Montalvo’s designated sales representative in the area, defendant Markline Sales, Inc., was directed by Montalvo to discuss the issue with the mill’s engineering staff. Stalemark then went to the mill, questioned whether the paper had been loaded into the rewinder correctly, and suggested feeding the paper through the rollers differently. His suggested change was adopted and he was aware that the rewinder would be operated in that configuration for some period of time after he left the mill. Later in the day, however, plaintiff was injured when his left foot and leg were pulled into the rollers at a “nip point” he contends was created by the suggested change. Plaintiff and his wife, derivatively, commenced this action against defendants and asserted causes of action founded upon Labor Law § 200 and common-law negligence. Following joinder of issue and discovery, defendants each moved for summary judgment dismissing the complaint. Supreme Court denied their motions, and they now appeal.*
We reject Markline’s argument that it owed no duty of care to plaintiff, inasmuch as there is evidence that Stalemark undertook a course of conduct that was relied upon by plaintiff and arguably placed him “in a more vulnerable position than [he] would have been in had” nothing been done (Kelso v Wall St. Funding, 94 AD3d 1186, 1187 [2012] [internal quotation marks *1112 and citations omitted]; see Heard v City of New York, 82 NY2d 66, 72 [1993]; Ward v Edinburg Mar., 293 AD2d 887, 888-889 [2002]; Castiglione v Village of Ellenville, 291 AD2d 769, 770 [2002], lv denied 98 NY2d 604 [2002]. Given Stalemark’s “active participation” in allegedly suggesting a change that the mill’s staff then relied upon to create a dangerous condition, summary judgment was properly denied to Markline upon plaintiffs common-law negligence claim (Raney v Seldon Stokoe & Sons, Inc., 42 AD3d 617, 619 [2007]; see Levine v Zarabi, 243 AD2d 448, 448 [1997]).
Nor can we agree with Montalvo that, as a matter of law, Markline was merely Montalvo’s independent contractor. “[A]s a general rule, a party who engages an independent contractor is not liable for the independent contractor’s negligence because that party has no right to supervise or control the work being performed” (Richardson v Simone, 275 AD2d 576, 576 [2000]; accord Harjes v Parisio, 1 AD3d 680, 680 [2003], lv denied 1 NY3d 508 [2004]; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257-258 [2008]). The critical factor in assessing whether Markline was an independent contractor is whether Montalvo controlled “the method and means by which the work [was] to be done” (Berger v Dykstra, 203 AD2d 754, 754 [1994], lv dismissed 84 NY2d 965 [1994]; see Harjes v Parisio, 1 AD3d at 681). If the evidence in the record on the issue of control is disputed, summary judgment is not warranted (see Carrion v Orbit Messenger, 82 NY2d 742, 744 [1993]; Berger v Dykstra, 203 AD2d at 754).
Although Montalvo entered into a “sales representative agreement” with Markline that characterized the latter as an independent contractor, the existence of such an agreement does not compel such a conclusion (see Matter of Chorba [Sterling Testing Sys., Inc. — Commissioner of Labor] 54 AD3d 1091, 1092 [2008]; Matter of Carlson v Akin, 32 AD3d 1131, 1132 [2006]). Indeed, other evidence suggests that Montalvo was significantly involved in Markline’s sales efforts. Among other things, Markline was prohibited from promoting or selling products that competed with Montalvo’s products during the term of the agreement, and Montalvo retained exclusive control over the terms of any sales. Stalemark was further fed sales leads by Montalvo employees, whom he testified would “always” accompany him on calls to assess whether the customer’s needs fell within the specifications of their products. One of those employees also stated that he would assess the performance of sales representatives and complain to his superiors if he observed any problems. Moreover, Markline was obliged to *1113 “keep Montalvo fully appraised” of any sales inquiries and “pertinent communications with prospective purchasers or customers.” While far from conclusive, Supreme Court properly found from this proof questions of fact as to Markline’s status that precluded an award of summary judgment to Montalvo with regard to plaintiffs’ common-law negligence claim (see Gitchell v Corby, 64 AD3d 1163, 1164 [2009]; Shah v Lokhandwala, 265 AD2d 396, 397 [1999]; Murphy v ERA United Realty, 251 AD2d 469, 470-471 [1998]).
Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants’ motions for summary judgment dismissing the Labor Law § 200 causes of action; motions granted to that extent and said causes of action dismissed; and, as so modified, affirmed.

 Although Supreme Court expressed its intent to dismiss the Labor Law § 200 claim against defendants, that intent is not reflected in the decretal paragraphs of the appealed-from order. Nevertheless, the language in the body of the decision controls (see Zebrowski v Zebrowski, 28 AD3d 883, 884 [2006]; Matter of Dates v Mundt, 4 AD3d 639, 639-640 [2004]), and plaintiffs have expressly abandoned the claim. Accordingly, we will modify the order to dismiss the Labor Law § 200 claims (see Matter of Dates v Mundt, 4 AD3d at 640).