Vazquez v Beth Abraham Health Servs. (2019 NY Slip Op 03449)





Vazquez v Beth Abraham Health Servs.


2019 NY Slip Op 03449


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9207 302183/10 84001/13

[*1]Miriam Vazquez, etc., et al., Plaintiffs,
v
Beth Abraham Health Services, et al., Defendants.
Beth Abraham Health Services, Third-Party Plaintiff-Appellant,
v
New York City Health and Hospital, etc., Third-Party Defendant, Ross Friedman, M.D., et al., Third-Party Defendants-Respondents.


Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliot J. Zucker of counsel), for Ross Friedman, M.D., respondent.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Regional Physicians Services, P.C., respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about August 24, 2018, which granted third-party defendant Ross Friedman, M.D.'s motion for summary judgment dismissing the third-party complaint as against him and granted third-party defendant Regional Physicians Services d/b/a Matrix Medical Network's (Matrix) motion for summary judgment to the extent of dismissing the third-party claims for common-law indemnification and contribution as against it, unanimously reversed, on the law, without costs, and the motions denied.
Dr. Friedman failed to make a prima facie showing that he did not commit medical malpractice, because his expert's affidavit was based on a disputed issue of fact (see Carey v St. Barnabas Hosp., 162 AD3d 435 [1st Dept 2018]). The expert asserted that, although Nurse Hughes had noted in the medical chart that the patient was momentarily unresponsive upon returning from physical therapy, Dr. Friedman had never been so informed, and that Dr. Friedman also did not know that the patient had been given oxygen after physical therapy. The expert opined that Dr. Friedman reacted timely and appropriately.
However, Nurse Hughes testified that she called Dr. Friedman at around noon, i.e., shortly after giving the unresponsive patient oxygen, and informed him of this. Dr. Friedman testified that he did not recall receiving a phone call advising him that decedent was dizzy and was not responsive. Dr. Friedman stated that has he received a call that the patient was unresponsive, even momentarily, he would have had the patient immediately transferred to the hospital. Accordingly, the third-party action should not have been dismissed as to Dr. Friedman.
Matrix failed to make a prima facie showing that it is not liable for Dr. Friedman's alleged malpractice, because it did not establish that Dr. Friedman was an independent contractor, rather than an employee (see Melbourne v New York Life Ins. Co., 271 AD2d 296, [*2]297 [1st Dept 2000]; Marino v Vega, 12 AD3d 329 [1st Dept 2004]). The record shows both that Dr. Friedman reported to defendant/third-party plaintiff Beth Abraham Health Services's medical director and that Matrix paid Dr. Friedman and was responsible for his employment benefits. Moreover, Matrix did not submit its contract with Dr. Friedman, a key piece of evidence in determining Dr. Friedman's status as an employee or an independent contractor (see Felter v Mercy Community Hosp. of Port Jervis, 244 AD2d 385, 386 [2d Dept 1997]).
We have considered Dr. Friedman's and Matrix's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK