Verbridge v Deol

2026 NY Slip Op 02551

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

SANDRA VERBRIDGE, PLAINTIFF-APPELLANT,

v

HARPREET DEOL, D.D.S., L.L.C., DOING BUSINESS AS PROGRESSIVE ENDODONTICS OF PITTSFORD/CANANDAIGUA/GENESEO, HARPREET DEOL, D.D.S., MMSC., INDIVIDUALLY AND IN HIS CAPACITY AS A DENTIST, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

229 CA 25-00007

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

SMITH PARRY, P.L.L.C., JORDAN (JARROD W. SMITH OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HARRIS BEACH MURTHA CULLINA PLLC, PITTSFORD (BRIAN D. GINSBERG OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered November 14, 2024, in a dental malpractice action. The order granted the motion of defendants Harpreet Deol, D.D.S., L.L.C., doing business as Progressive Endodontics of Pittsford/Canandaigua/Geneseo, and Harpreet Deol, D.D.S., MMSc., for summary judgment and dismissed the complaint against said defendants.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this dental malpractice action seeking damages for injuries sustained as a result of root canals and related treatment performed by defendant Tanjit S. Taggar, D.M.D., M.S., an endodontist practicing at a dental office in Canandaigua operated by defendant Harpreet Deol, D.D.S., L.L.C., doing business as Progressive Endodontics of Pittsford/Canandaigua/Geneseo, a professional limited liability company owned by defendant Harpreet Deol, D.D.S., MMSc. (collectively, Deol defendants). Following discovery, the Deol defendants moved for summary judgment dismissing the complaint against them on the ground that Taggar was an independent contractor and, thus, they are not liable for his malpractice. Supreme Court granted the motion and dismissed the complaint against the Deol defendants. Plaintiff appeals, and we affirm.

"Generally, a party who retains an independent contractor, as distinguished from a mere employee or servant, is not [vicariously] liable for the independent contractor's negligent acts" (Dziedzic v Wirth, 162 AD3d 1749, 1749 [4th Dept 2018] [internal quotation marks omitted]; see Van Hook v Doak, 227 AD3d 1537, 1538-1539 [4th Dept 2024]; Chan v Toothsavers Dental Care, Inc., 125 AD3d 712, 713 [2d Dept 2015]; see also Tereshchenko v Lynn, 36 AD3d 684, 686 [2d Dept 2007]). The rationale underlying the rule is that "one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor" (Kleeman v Rheingold, 81 NY2d 270, 274 [1993]; see Begley v City of New York, 111 AD3d 5, 28 [2d Dept 2013], lv denied 23 NY3d 903 [2014]). In keeping with that rationale, "[c]ontrol of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of [vicarious] tort liability" (Gfeller v Russo, 45 AD3d 1301, 1302 [4th Dept 2007]; see Begley, 111 AD3d at 28). Additionally, while a principal who retains an independent contractor may be held directly liable for, inter alia, the principal's own negligence in "supervising the contractor" (Kleeman, 81 NY2d at 274), such a claim requires that the [*2]principal actually exercised supervision over the contractor inasmuch as "the mere retention of general supervisory powers over an independent contractor cannot form a basis for the imposition of [direct] liability against the principal" (Wendt v Bent Pyramid Prods., LLC, 108 AD3d 1032, 1033 [4th Dept 2013] [internal quotation marks omitted]; see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381 [1995], rearg denied 87 NY2d 862 [1995]).

Here, in support of their motion, the Deol defendants submitted an Independent Contractor Associate Agreement executed by Harpreet Deol, D.D.S., L.L.C., and Taggar providing, inter alia, that Taggar was "an independent contractor . . . responsible for scheduling and maintaining office hours to treat [his] patients, as [he] deem[s] appropriate," and that the Deol defendants "shall not exercise any control or direction over the professional aspects of [his] providing services, which shall be [his] sole responsibility." The agreement further provided that Taggar would retain 50% of his gross collections and was "solely responsible for payments of all federal income and self-employment taxes." The Deol defendants also submitted transcripts from the depositions of Taggar and Deol, who testified that Taggar was the only individual working in the Canandaigua dental office, that he did not discuss his patients with the Deol defendants, and that the Deol defendants did not review his work. Contrary to plaintiff's contentions, the Deol defendants thus met the initial burden on their motion with respect to both vicarious and direct liability (see Wendt, 108 AD3d at 1033; Carlineo v Akins, 71 AD3d 1535, 1535-1536 [4th Dept 2010]; Gfeller, 45 AD3d at 1302-1303). In opposition, plaintiff submitted only the affirmation of her attorney, who had no personal knowledge of the facts, and thus failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Contacare, Inc. v CIBA-Geigy Corp., 49 AD3d

1215, 1216 [4th Dept 2008], lv denied 10 NY3d 714 [2008]; cf. Santiago v Spinuzza, 48 AD3d 1257, 1258 [4th Dept 2008]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court